STACEY P. GEIS, CA Bar No. 181444
Earthjustice
50 California Street, Suite 500
San Francisco, CA 94111
T:  415.217.2000 • F:  415.217.2040
E:  sgeis@earthjustice.org

EVE C. GARTNER\*, NY Registration No. 2332609
Earthjustice
48 Wall St., 19th Floor
New York, NY 10005
T: (212) 845-7381• F: (212) 918-1556
E: egartner@earthjustice.org
\* Admitted *pro hac vice*

VIRGINIA RUIZ, CA Bar No. 194986
Farmworker Justice
1126 16th Street, N.W., Suite 270
Washington, D.C.  20036
T: 202.293.5420 • F:  202.293.5427
E: vruiz@farmworkerjustice.org

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE, UNITED FARM WORKERS, FARMWORKER ASSOCIATION OF FLORIDA, CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION, and PESTICIDE ACTION NETWORK NORTH AMERICA,<br><br>   Plaintiffs,<br><br>   v.<br><br>E. SCOTT PRUITT, in his official capacity as Administrator of the U.S. Environmental Protection Agency; and U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>   Defendants. | Case No:  4:17-cv-03434 JSW<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS** |

1

**NOTICE OF MOTION**

Please take notice that on September 7, 2018, or as soon thereafter as counsel may be heard, before the Hon. Jeffrey S. White, at the U.S. District Court for the Norther District of California, located at 1301 Clay Street, Courtroom 5, 2nd Floor, Oakland, CA 94612, Plaintiffs will, and hereby do, move for an award of their attorneys' fees, costs, and other expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $238,620.64.  Plaintiffs' motion is based on the points and authorities below and the declarations of Eugenia Economos, Anne Katten, Ramon Ramirez, Kristin Schafer, Armando Elenes, Richard Drury, and Stacey Geis submitted herewith. Plaintiffs also include a proposed order with this motion.

This motion is made following the conference of counsel pursuant to Civil L.R. 5405(b)(1), which took place on May 16, 2018.  Plaintiffs made a settlement proposal to Defendants in an attempt to resolve their fee claim, however, the parties could not reach an agreement.  Plaintiffs reserve the right to submit additional evidence in support of this motion if necessary and to add hours expended in litigating fees. *See United States v. Hristov*, 396 F.3d 1044, 1047 (9th Cir. 2005) (holding that a timely EAJA application can be later amended).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

On January 4, 2017, the Environmental Protection Agency ("EPA") published in the Federal Register the Certification of Pesticide Applicators Rule, 82 Fed. Reg. 952 (Jan. 4, 2017) ("Pesticide Rule"), with an effective date of March 6, 2017.  The Rule provides much needed and long overdue protections for those exposed to the most toxic pesticides, called restricted use pesticides ("RUPs"). The Rule ensures, among other things, those who handle and apply these pesticides are properly trained and certified and thus know how, when, and where to apply the most dangerous pesticides on the market.  It also sets out critical minimum age requirements to ensure that children are not applying these dangerous pesticides.  However, between January 26, 2017, and June 2, 2017, EPA issued a series of five rules purporting to delay the effective date of the Pesticide Rule ("delay

rules").[1] Plaintiffs, farmworker unions and related advocacy groups, filed two petitions in the Ninth Circuit, as well as this lawsuit, challenging Federal Defendants' decisions to delay the effective date of the Pesticide Rule as unlawful pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 500 *et seq.*, and the Federal Insecticide, Fungicide, and Rodenticide Act, ("FIFRA"), 7 U.S.C. § 136 *et seq*. On March 21, 2018, Plaintiffs prevailed on the merits, obtaining the relief they sought. Order Granting Pls.' M. for Summ. J. (Dkt. 39). Specifically, this Court held that Federal Defendants' five rules purporting to delay the Pesticide Rule violated the Administrative Procedure Act by failing to provide notice and opportunity to comment and, accordingly, it vacated the delay rules and declared that the Pesticide Rule went into effect on March 6, 2017, as originally scheduled. *Id.* at 6-7. Because Plaintiffs prevailed, they are entitled to attorneys' fees and other expenses pursuant to EAJA. 28 U.S.C. § 2412(d).

## II.  ARGUMENT

"EAJA was designed to encourage individuals and small businesses to contest government actions by authorizing fee awards to a prevailing party." *Lauritzen v. Lehman*, 736 F.2d 550, 556-57 (9th Cir. 1984). The Act provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Applying EAJA's criteria to the facts of this case compels the conclusion that Plaintiffs are entitled to recover their attorneys' fees and other expenses.

### A.  Plaintiffs Meet EAJA's Eligibility Criteria.

In order to obtain fees under EAJA, a party must have prevailed in the litigation. A party is a "prevailing party" pursuant to EAJA if it "succeed[s] on any significant issue in litigation which achieves some of the benefits [it] sought in bringing suit." *United States v. Real Property Known as 22249 Dolorosa St.*, 190 F.3d 977, 981 (9th Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A party prevails for the purposes of EAJA when it achieves "a material alteration of

---

[1] The delay rules are found at: 82 Fed. Reg. 8499-501 (Jan. 26, 2017); 82 Fed. Reg. 14324-25 (March 20, 2017); 82 Fed. Reg. 22294-96 (May 15, 2017); 82 Fed. Reg. 23148-50 (May 22, 2017); 82 Fed. Reg. 25531-32 (June 2, 2017).

the legal relationship of the parties" that is "judicially sanctioned." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.* ("*Buckhannon*"), 532 U.S. 598, 604-05 (2001)).

Here, Plaintiffs are unquestionably prevailing parties as they prevailed on the merits of their claims when the Court granted their motion for summary judgment. *See* Order Granting Pls.' M. for Summ. J. (Dkt. 39). Further, Plaintiffs achieved precisely the result they sought: a declaration that EPA's delay of the effective date of the Pesticide Rule violated statutorily mandated rulemaking procedures under the APA and an order vacating each of the five delay rules and declaring that the Pesticide Rule went into effect on March 6, 2017. *See* Dkt. No. 1, Dkt. 39. The relief Plaintiffs obtained surpasses the requirement that it achieve some of the relief that it sought, and as such Plaintiffs are "prevailing part[ies]" pursuant to EAJA.

Plaintiffs also qualify as "parties" that are eligible to recover fees from the government. EAJA defines an eligible "party" to include:

> [A]ny . . . organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed; except that an organization described in section 501(c)(3) of the Internal Revenue Code of 1986 exempt from taxation under section 501(a) of such Code . . . may be a party regardless of the net worth of such organization.

28 U.S.C. § 2412(d)(2)(B) (citation omitted). The declarations that accompany this motion establish that Plaintiffs are either 501(c)(3) organizations or have a net worth of under $7,000,000 and have fewer than 500 employees and are therefore parties eligible for an award under EAJA. *See* Economos Decl.; Katten Decl.; Ramirez Decl.; Schafer Decl.; Elenes Decl. Plaintiffs are therefore prevailing parties eligible to receive an award of attorneys' fees and other expenses under EAJA.

**B. Federal Defendants' Position Was Not Substantially Justified Nor Do Special Circumstances Exist to Make an Award Unjust.**

"Once a party's eligibility has been proven, an award of fees is mandatory pursuant to EAJA unless the government's position is substantially justified or special circumstances exist that make an award unjust." *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991) (*citing* 28 U.S.C. § 2412(d)(1)(A)). An agency bears the burden of proving that its position was substantially justified or that special circumstances exist. *Or. Nat. Res. Council v. Marsh*, 52 F.3d 1485, 1492 (9th Cir. 1995); *Love*, 924 F.2d at 1495. The agency must make a "strong showing" in order to meet its

burden. *Nat. Res. Def. Council v. Envt'l Prot. Agency*, 703 F.2d 700, 712 (3rd Cir. 1983) (citing H.R. Rep. No. 1418 at 16, 18, 96th Cong., 2nd Sess. 8-9, *reprinted in* 1980 U.S. Code Cong. & Ad. News 4953, 4984, 4986-88).

The government's position which must be substantially justified is not just limited to its litigating position. As EAJA explains, the "'position of the United States' means, . . . the position taken by the United States in the civil action, [and] the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). Thus, in determining whether the government's position was substantially justified, the Court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) (quoting *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.1988)). Neither is true of the EPA's actions here.

To determine if an agency's position was substantially justified, the court considers the reasonableness of the underlying government action and the position asserted by the agency in defending its validity. *Kali*, 854 F.2d at 332. The Ninth Circuit has held that "it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja v. Gonzales*, 428 F.3d 870, 874-75 (9th Cir. 2005) (citation omitted); *see also Marsh*, 52 F.3d at 1492 (finding no substantial justification where agency prepared inadequate NEPA document). Indeed, even in cases presenting issues of first impression, federal agencies cannot establish substantial justification on that basis alone because that would mean "that whenever [an agency] violates its own regulations, or assumably any clear legal rule, for the first time, the private party who succeeds in forcing government compliance nonetheless must be deprived of fees because the government gets an automatic 'first impression' free pass." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1261 (9th Cir. 2001).

Here, Federal Defendants cannot demonstrate that their position in promulgating the delay rules was substantially justified. As this Court noted, "It is undisputed that when EPA delayed the Pesticide Rule in January, March, and June 2017, it did so without providing any notice or

opportunity to comment." Dkt. 39 at 6.  The fact that Federal Defendants did not even attempt to defend their position in response to Plaintiffs' motion for summary judgment should be taken as a concession that no justification existed.  In addition to this Court finding that EPA violated the APA by failing to provide notice and the opportunity to comment on the delay rules here, multiple federal courts have also rejected similar efforts by EPA and other federal environmental agencies to delay or stay regulations without following the procedural and substantive requirements of the APA.  *See, e.g.*, *Clean Air Council v. Pruitt*, 862 F.3d 1 (D.C. Cir. 2017) (holding EPA lacked authority to stay Clean Air Act rule and vacating the stay of the rule); *Becerra v. U.S. Dep't of Interior*, No. 17-cv-02376-EDL, 2017 WL 3891678 (N.D. Cal. Aug. 30, 2017) (holding Department of the Interior violated APA by postponing oil and gas royalty rule without proper authority and without notice and comment); *California v. U.S. Bureau of Land Mgmt.*, 277 F. Supp. 3d 1106 (N.D. Cal. 2017) (holding Bureau of Land Management unlawfully postponed compliance dates for oil and gas flaring rule, including violations of notice and comment requirements).

      Furthermore, Federal Defendants cannot demonstrate that their litigation position challenging Plaintiffs' standing was substantially justified.  The Pesticide Rule that EPA sought to delay was designed to protect people from improper exposure to dangerous pesticides.  Plaintiffs' members, clients, and supporters work as applicators of restricted use pesticides or who work, live, or go to school in the vicinity of areas where restricted use pesticides are applied, and so are exposed when these pesticides are not applied properly.  Thus, while Plaintiffs will not repeat their standing arguments[2] here, it is clear that Plaintiffs have standing to challenge the delay of a rule that was designed to protect them and any argument to the contrary cannot be substantially justified.  In an attempt to get around this fact, Federal Defendants argued that the implementation date of the Pesticide Rule would not necessarily be delayed.  This argument is disingenuous.  As this Court recognized in its ruling on Plaintiffs' motion for summary judgment, Federal Defendants' own statements and actions contradict their argument.  Order (Dkt. 39) at 3-4 (citing AR 113 (EPA stating that it "intend[ed] to make corresponding changes to the implementation dates" contained in

---

[2] *See* Dkt 33 at 19-23; Dkt. 35 at 3-11.

6

Plaintiffs' Notice of Motion and Motion for Attorneys' Fees and Costs, Case No. 4:17-cv-03434-JSW

the Pesticide Rule); Dkt. No. 35-1 Liebman Decl. ¶ 4 & Ex. B; Dkt. No. 35-2, Jordan Decl. ¶ 4 (describing a November 2017 statement from an EPA official that EPA intended to delay implementation of the Pesticide Rule to correspond with the delay in the effective date)). Accordingly, Federal Defendants' standing arguments were not substantially justified.

Finally, there are no special circumstances that would make an award of attorneys' fees and costs unjust. The "special circumstances" exception to eligibility under EAJA is a "'safety valve' [that] … gives the court discretion to deny awards where equitable considerations dictate an award should not be made." H.R. Rep. No. 1418, 96th Cong., 2nd Sess. 5, 11, *reprinted in* 1980 U.S.C.C.A.N. 4984, 4990. A court may find special circumstances in cases that involve 'a novel but credible extension or interpretation of the law,' 'an issue on which reasonable minds could differ,' or 'an important and doubtful question.'" *United States v. Gavilan Joint Cmty. Coll. Dist.*, 849 F.2d 1246, 1249 (9th Cir. 1988) (internal citations omitted). None of these circumstances is present here. As discussed above, not even Federal Defendants were willing to defend their position.

In sum, Plaintiffs are entitled to recover their attorneys' fees and costs from the government under EAJA.

### C. Plaintiffs are Entitled to Enhanced Rates under EAJA.

Once a court determines that a plaintiff is eligible to receive fees under EAJA, it must determine the rates for those fees. EAJA provides that a court shall award "reasonable attorney fees" to prevailing parties. 28 U.S.C. § 2412(d)(2)(A). Because Plaintiffs meet the criteria for an award under EAJA, they are entitled to recover their reasonable attorney fees and other expenses from the government. According to the Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) ("This court applies the principles set forth in *Hensley* . . . to determine what constitutes a reasonable fee award under the EAJA."). The resulting "lodestar" amount is "presumptively reasonable." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941-42 (9th Cir. 2011).

With respect to the appropriate hourly rate for Plaintiffs' counsel, although EAJA establishes a fee recovery rate of $125 per hour that is adjusted to account for cost-of-living increases,[3] a court may award a party market rates that exceed the base EAJA statutory rate if there exists "a special factor, such as the limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. § 2412(d)(2)(A).  28 U.S.C. § 2412 (d)(2)(A) (emphasis added).  The Ninth Circuit has held that enhanced hourly rates are appropriate under EAJA "where the attorneys possess distinctive knowledge and specialized skill that was needful to the litigation in question and not available elsewhere at the statutory rate." *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009); *see also Hensley*, 461 U.S. 435 ("Where a plaintiff has obtained excellent results, [its] attorney should recover a fully compensatory fee.").  This "refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question – as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in litigation.  Examples of the former would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language." *Pierce v. Underwood*, 487 U.S. 552, 572 (1988).

The Ninth Circuit has confirmed that "[e]nvironmental litigation is an identifiable practice specialty that requires distinctive knowledge." *Love*, 924 F.2d at 1496.  In numerous cases in the Ninth Circuit, courts have granted attorneys at Earthjustice (formerly the Sierra Club Legal Defense Fund) fee enhancement for their special expertise in environmental law.  *See, e.g.*, *Pollinator Stewardship Council v. EPA*, No. 13-72347, 2017 WL 3096105 (9th Cir. 2017); *Portland Audubon Soc'y v. Lujan*, 865 F. Supp. 1464, 1476 (D. Or. 1994); *Seattle Audubon Soc'y v. Evans*, 771 F. Supp. 1081 (W.D. Wash. 1991), *aff'd*, 952 F.2d 297 (9th Cir. 1991).  At least one court has recognized that "the combination of substantive legal knowledge and litigation expertise" possessed by lawyers at Earthjustice—the non-profit law firm that represented Plaintiffs in this case—"is found almost exclusively in public interest law firms" like Earthjustice. *Wash. Dep't of Wildlife v. Stubblefield*, 739 F. Supp. 1428, 1432 (W.D. Wash. 1989).

---

[3] The Ninth Circuit has established that cost of living adjusted EAJA rate for attorneys in the Ninth Circuit in 2017 is $196.79. *See* Statutory Maximum Rates Under the Equal Access to Justice Act, *available at* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited April 3, 2018).

8
Plaintiffs' Notice of Motion and Motion for Attorneys' Fees and Costs, Case No. 4:17-cv-03434-JSW

As detailed in attached declarations, Plaintiffs' attorneys each possess distinctive knowledge and skills that were needed in the litigation and were unavailable elsewhere at the statutory rate. *See Love*, 924 F.2d at 1496; *Pollinator Stewardship Council v. U.S. EPA*, No. 13-72346, 2017 WL 3096105, at \*\*2-7 (Ninth Cir. June 27, 2017). Specifically, the attorneys who handled this case for Plaintiffs possess distinctive knowledge and specialized skill regarding the intersection of environmental and administrative law, including statutes regarding pesticide use and agency rulemaking procedures under FIFRA and the APA. *See* Geis Decl.; *see also* Drury Decl. While each individual attorney's experience is detailed in the attached declarations, the attorneys for which enhanced fees are sought have between 4 and 29 years of experience, with the majority of that experience in environmental and administrative law, often representing non-profit groups challenging government actions as was the case here. Finally, the declarations that accompany this brief demonstrate that no other qualified counsel was available to take this case at the EAJA rate of $125 per hour adjusted for inflation. *See* Drury Decl. at ¶ 14; Geis Decl. at ¶ 49.

For all these reasons, Plaintiffs are entitled under EAJA to recover prevailing market rates for the time spent by their counsel on the merits of this case.[4]

**D. Plaintiffs Seek Reasonable Hourly Rates.**

Attorneys who qualify for EAJA's 'special factor' enhancement are entitled to hourly rates "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Nadarajah*, 569 F.3d at 918 (quoting *Blum v. Stevenson,* 465 U.S. 886, 895 & n. 11 (1984)). Thus, Plaintiffs' attorneys are entitled to market rates in San Francisco for their time spent prosecuting this litigation.

The Ninth Circuit has held that "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge*

---

[4] Plaintiffs do not seek enhanced hourly rates for time spent cite checking briefs, time expended by law clerks and attorneys with less than four years of experience, or time spent preparing this fee petition. Instead, Plaintiffs claim $196.79 per hour for an attorney who completed cite checking work and for time spent preparing this fee petition, which reflects the 2017 EAJA cap adjusted for inflation, see Statutory Maximum Rates Under EAJA, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited May 17, 2017), and $189 per hour for law clerks.

*Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Here, Plaintiffs seek EAJA fees at the following rates: $750 for Eve Gartner, an attorney with 29 years of experience; $650 for Stacey Geis, an attorney with 23 years of experience, $650 for Virginia Ruiz, an attorney with 20 years of experience; $400 for Yana Garcia, an attorney with 6 years of experience; $350 for Alexis Andiman, an attorney with 4 years of experience; $196.79 (the non-enhanced EAJA fee) for Marie Logan, an attorney who cite checked briefs in this case; and $189 for a law clerk. According to a respected environmental attorney with significant litigation experience, Plaintiffs' requested hourly rates are reasonable and well within, if not below, the range of prevailing market rates for comparable legal services in the San Francisco area in 2017. *See* Drury Decl. at ¶ 16; *see also id.* at ¶¶ 5-17. Indeed, these rates are comparable to or below fee rates awarded in recent decisions by the District Court for the Northern District of California and the Ninth Circuit Court of Appeals. *See Pollinator Stewardship Council v. U.S. Envtl. Prot. Agency*, No. 13-72346, 2017 WL 3096105, at *6 (9th Cir. June 27, 2017) (awarding $550/hour for an Earthjustice attorney with 12 to 14 years of experience, $700/hour for an Earthjustice attorney with 27 to 29 years of experience, and $189/hour for an Earthjustice law clerk); *G. F. v. Contra Costa Cty.*, No. 13-CV-03667-MEJ, 2015 WL 7571789, at *13 (N.D. Cal. Nov. 25, 2015) (awarding $895/hour for an attorney with 40 years of experience, $845/hour for an attorney with 19 years of experience, $690/hour for an attorney with 15 years of experience, $580/hour for an attorney with 10 years of experience, $405/hour for an attorney with 5 years of experience, $370 for an attorney with 4 years of experience, $350/hour for an attorney with 3 years of experience, and $325/hour for an attorney with 2 years of experience); *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-05923 WHA, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (awarding rates between $975-$475/hour for partner-attorneys and $150-$490 for associate-attorneys, based on years of experience); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 262 (N.D. Cal. 2015) (awarding rates of $650/hour for an attorney with 14 to 15 years of experience, $425/hour for an attorney with 4 to 5 years of experience, and $375/hour for an attorney with 2 to 3 years of experience); *Wynn v. Chanos*, No. 14-CV-04329-WHO, 2015 WL 3832561, at *2 (N.D. Cal. June 19, 2015), *aff'd*, 685 F. App'x 578 (9th Cir. 2017) (awarding rates of $1,035-1,085/hour for an attorney with approximately 40 years of experience and $875-920/hour for an attorney with approximately 20 years of

1  experience); *Center for Food Safety v. Vilsack*, No. C-08-00484 JSW (EDL), 2011 WL 6259891
2  (N.D. Cal. Oct. 13, 2011) (awarding EAJA fees for the work performed by Earthjustice attorneys at
3  the rate of $650 per hour for an attorney with 25 years of experience, $575 for an attorney with 12
4  years of experience, $525 for an attorney with 10 years of experience, $450 for an attorney with 7
5  years of experience, $410-$385 for attorneys with 4 years of experience, $350 for an attorney with 3
6  years of experience, and $145 for law clerks). For these reasons, Plaintiffs' requested hourly rates
7  are reasonable.

**E. Plaintiffs Seek Reasonable Time.**

In general, an eligible party under EAJA is "entitled to an award of fees for all time reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." *Hensley*, 461 U.S. at 431 (quoting *Davis v. Cty. of Los Angeles*, 8 E.P.D. ¶ 9444 (C.D. Cal. 1974); *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) ("Ultimately, a reasonable number of hours equals the number of hours which could reasonably have been billed to a private client.") "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

In order to achieve the result Plaintiffs sought and obtained in this case, namely a declaration that the Pesticide Rule went into effect on March 6, 2017 and an order vacating the five delay rules, it was necessary and reasonable for Plaintiffs to file two petitions in the Ninth Circuit and one complaint in this district. Plaintiffs' Ninth Circuit petitions were reasonable and necessary even though they were ultimately dismissed and relief was obtained in the district court, because prior to the Ninth Circuit's decision to dismiss the petitions at issue here, Ninth Circuit case law was not clear as to whether a FIFRA challenge of this sort should be brought in the Court of Appeals or in the district court. *See* FIFRA, 7 U.S.C. § 136n(a) and (b). Further, Plaintiffs were required to act with haste because FIFRA provides that a party seeking to challenge an action of the Administrator for which jurisdiction is proper in the Court of Appeals must file a petition for review within 60 days of the challenged decision. *See id.* at § 136n(b). Plaintiffs attempted to confer with Federal

Defendants regarding the jurisdictional provisions of FIFRA before filing in the Court of Appeals, but Federal Defendants were also unable to state a conclusive position on where jurisdiction was proper before Plaintiffs needed to file in the Ninth Circuit to avoid any statute of limitations. Accordingly, it was necessary for Plaintiffs to file protective petitions in the Ninth Circuit in order to meet the 60-day deadline and then seek an order from the Ninth Circuit regarding whether it had jurisdiction. Furthermore, it was necessary for Plaintiffs to file the second petition because Federal Defendants continued to issue additional delay rules after the original petition was filed. *See, e.g.*, 82 Fed. Reg. 22294-96 (May 15, 2017); 82 Fed. Reg. 23148-50 (May 22, 2017); 82 Fed. Reg. 25531-32 (June 2, 2017). Due to the nature of and the issues involved in this matter, both at the district and appellate levels, Plaintiffs were required to file multiple rounds of briefing to address the jurisdictional issues, the merits, and standing. It was through this work which Plaintiffs achieved success.

As set forth in the Declaration of Stacey P. Geis submitted herewith, Plaintiffs' counsel recorded every task performed and every minute expended on this litigation. *See* Geis Decl. at ¶ 42. In preparing this motion, counsel for Plaintiffs made the requisite "good faith effort to exclude from [their] fee request hours that are excessive, redundant, or otherwise unnecessary," *Hensley,* 461 U.S. at 434, exercising careful billing judgment to exclude from their time records any time that may have been unreasonable or otherwise expended on tasks not appropriately included in a fees claim. *See* Geis Decl. at ¶ 43. After the exercise of billing judgment, Plaintiffs seek reimbursement for 60.9 hours of work performed by attorney Eve Gartner, 212.3 hours of work performed by attorney Stacey Geis, 26.0 hours of work performed by attorney Virginia Ruiz, 34.8 hours of work performed by attorney Yana Garcia, 26.7 hours of work performed by attorney Alexis Andiman, 25.7 hours of work performed by attorney Marie Logan; and 43.1 hours of work performed by a law clerk for work on the merits of this case. The specific tasks performed are set forth in detail in in Exhibits B, C, and D to the Geis Declaration, and a summary of all hours expended on litigating the merits of this case is set forth in Exhibit A. Plaintiffs have omitted from their fee request time expended on this case by three additional attorneys, as well as additional time expended by the attorneys for whom they are seeking fees.

Plaintiffs are also entitled to an award of the attorneys' fees incurred preparing this EAJA application. *See Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 166 (1990); *see also Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) ("[*Jean*] concluded that the fees litigation was a part of the 'civil action' covered by the EAJA."). Plaintiffs seek reimbursement for 11.4 hours of work performed by attorneys in preparing this fee petition thus far. The specific tasks performed by attorneys related to this fee petition are set forth in detail in in Exhibit E to the Geis Declaration. Plaintiffs claim $196.79 per hour for this time, which reflects the 2017[5] EAJA cap adjusted for inflation, see Statutory Maximum Rates Under EAJA, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited June 18, 2018), for a total of $2,243.41.

The hours claimed herein were reasonably expended in pursuit of the ultimate result achieved and could have reasonably been billed to a private client. Thus, Plaintiffs are entitled to recover attorneys' fees for these hours.

### F. Plaintiffs are Entitled to Recover Costs and Expenses.

In addition to their attorneys' fees, EAJA entitles Plaintiffs to recover the case costs and "other expenses" they incurred in bringing this lawsuit. 28 U.S.C. § 2412(d)(1)(A). The Ninth Circuit has interpreted "other expenses" under EAJA to include "expenses normally billed to a client," such as telephone calls, postage, and attorney travel expenses. *Int'l Woodworkers of America v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1986); *see also In re Application of Mgndichian*, 312 F. Supp. 2d 1250, 1266 (C.D. Cal. 2003) (recoverable EAJA expenses include Westlaw research, photocopying, and delivery service). Plaintiffs seek $1,582.24 in recoverable costs and expenses, including filing fees (excepting pro hac vice fees, which we have omitted), postage, and Pacer fees as enumerated in in Exhibit F to the Geis Declaration. These costs were reasonably incurred and necessary to Plaintiffs' success in this case.

### G. CONCLUSION

As detailed in the attached timesheets, Plaintiffs respectfully request that this Court award $237,038.40 in attorneys' fees for work on the merits of this case, $2,243.41 in attorneys' fees for

---

[5] As of the time of this filing, the 2018 rate has not been released.

work thus far related to seeking fees, and $1,582.24 in costs, for a total of $240,864.05.

Respectfully submitted,

DATED:  June 19, 2018

  /s/ Stacey P. Geis
STACEY P. GEIS
EVE GARTNER
Earthjustice

VIRGINIA RUIZ
Farmworker Justice

*Counsel for Plaintiffs*