STACEY P. GEIS, CA Bar No. 181444
Earthjustice
50 California Street, Suite 500
San Francisco, CA 94111
T: 415.217.2000 • F: 415.217.2040
E: sgeis@earthjustice.org

EVE C. GARTNER*, NY Registration No. 2332609
Earthjustice
48 Wall St., 19th Floor
New York, NY 10005
T: 212.845.7381• F: 212.918.1556
E: egartner@earthjustice.org
* Admitted *pro hac vice*

VIRGINIA RUIZ, CA Bar No. 194986
Farmworker Justice
1126 16th Street, N.W., Suite 270
Washington, D.C.  20036
T: 202.293.5420 • F:  202.293.5427
E: vruiz@farmworkerjustice.org

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE, UNITED FARM WORKERS, FARMWORKER ASSOCIATION OF FLORIDA, CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION, and PESTICIDE ACTION NETWORK NORTH AMERICA, <br><br> Plaintiffs, <br><br> v. <br><br> E. SCOTT PRUITT, in his official capacity as Administrator of the U.S. Environmental Protection Agency; and U.S. ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendants. | Case No:  4:17-cv-03434 JSW <br><br> **DECLARATION OF STACEY P. GEIS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** |

I, Stacey P. Geis, declare as follows:

1.     I have personal knowledge of the matters stated herein and, if called as a witness, could and would competently testify thereto.

2.     I am an attorney in the California Office of Earthjustice and lead counsel of record for Plaintiffs in the above-captioned case.  I submit this declaration in support of Plaintiffs' Motion for Award of Attorneys' Fees and Costs under the Equal Access to Justice Act ("EAJA"), filed herewith.

3.     In this declaration, I describe each of the non-profit organizations that Earthjustice represented as Plaintiffs in this case.  I also describe Earthjustice—the non-profit environmental law firm that represented the Plaintiffs in this litigation—and the professional experience of the Earthjustice attorneys, including myself, who worked on this case.  I also attest to the specific tasks performed and costs incurred by Earthjustice in this case, and I describe my exercise of billing judgment in excising from Plaintiffs' requested EAJA award any tasks or costs that were arguably excessive or may not have been appropriately billed to a paying client.  Finally, I attest to the prevailing market rate for the legal services provided by Earthjustice in this case.

**Earthjustice**

4.     Earthjustice is a public interest law firm, originally incorporated in 1971 under the name Sierra Club Legal Defense Fund.  Earthjustice is headquartered in San Francisco and has regional offices in cities throughout the United States.  Earthjustice lawyers practice environmental law exclusively, representing an array of neighborhood and community groups as well as regional and national organizations on issues involving resource conservation and public health.  Earthjustice attorneys have litigated numerous landmark cases in environmental law, from *Sierra Club v. Morton*, 405 U.S. 727 (1972), through *Massachusetts v. Envt'l Prot. Agency*, 549 U.S. 497 (2007).  Courts have long recognized that "the combination of substantive legal knowledge and litigation expertise . . . is found almost exclusively in public interest law firms like [Sierra Club] Legal Defense Fund"—i.e., Earthjustice.  *Wash. Dep't of Wildlife v. Stubblefield*, 739 F. Supp. 1428, 1432 (W.D. Wash. 1989).

5.      Earthjustice does not charge its clients for the legal services it provides.  No other entity has paid any fees or costs to Earthjustice in this case.

**Earthjustice Staffing of this Case**

**Stacey P. Geis**

6.      I received my undergraduate degree from Brown University in 1989 and my juris doctorate from the University of Virginia School of Law in 1994.  I took and passed the California Bar Examination upon graduation from law school and was admitted to the California bar in January 1995.

7.      I am admitted to and have practiced before the United States Court of Appeals for the Ninth Circuit (admitted 2005), the United States District Courts for the Northern, Eastern and Central Districts of California, and the courts of the State of California.  I have never have been suspended or disbarred by any court.

8.      I began my career clerking for the Honorable Samuel Conti of the Northern District of California which I did for one year.  I then became an associate attorney at the law firm Pillsbury, Madison & Sutro where I worked until 1999 in the Environment, Health and Safety Division working on environmental matters.  I then became the Senior Prosecutor for the California Circuit Prosecutor Project where I led a team of eight prosecutors who, along with myself, prosecuted environmental enforcement actions (both criminal and civil) throughout California.  I was in this position until 2004 and during that time prosecuted more than 100 cases in over a dozen counties.  I then became an Assistant U.S. Attorney in the Northern District of California where I was hired specifically to strengthen the Office's environmental enforcement program.  I was a federal prosecutor for ten years and was the Office's Environmental Crimes Coordinator.  Some of the cases I prosecuted as an AUSA included prosecuting Walmart for hazardous waste violations occurring at over 4,000 stores nationwide; prosecuting one of the largest oil spills in the San Francisco Bay, and prosecuting PG&E for the 2010 San Bruno explosion that killed eight people.  In 2014, I became the Managing Attorney of Earthjustice's California Regional Office where I manage a team of 13 attorneys as well as litigation staff in both San Francisco and Los Angeles.  In addition to

supervising the environmental cases the team brings annually, I also litigate my own cases, including this one.  I am also an adjunct professor at U.C. Hastings School of Law.

9.     Over my twenty-three years of practice, I have worked almost exclusively on environmental enforcement and litigation, including enforcement of the Federal Insecticide Fungicide & Rodenticide Act (FIFRA) and the Administrative Procedure Act (APA).  I have served as lead or co-counsel in numerous cases involving federal environmental laws.

10.     I was named one of California's Top 100 Lawyers by the *Daily Journal* in 2011 and, in 2014, received the *California Lawyer* Attorney of the Year award.

**Eve Gartner**

11.     Ms. Gartner received her undergraduate degree from St. John's College in Santa Fe, New Mexico and attended law school at Columbia University School of Law. She received a juris doctorate in 1988, took and passed the New York Bar Examination upon graduation from law school, and was admitted to the New York Bar in 1990.

12.     Ms. Gartner is admitted to and has practiced before the United States Supreme Court, the United States Courts of Appeals for the D.C., Fourth, Fifth, Sixth, Eighth, Ninth and Tenth Circuit Courts of Appeals, the United States District Court for the Southern District of New York, and the courts of the State of New York.  She has never have been suspended or disbarred by any court.

13.     Ms. Gartner clerked for Chief Judge Truman Hobbs of the United States District Court for the Middle District of Alabama in 1988-89.  She then began her career as an associate at the New York City-based boutique environmental and land use law firm called Berle, Kass and Case where she worked until 1993.  Between 1993 and 2011, she moved away from environmental law to work for organizations dedicated to preserving access to reproductive health care.  From 1993 to 1997, Ms. Gartner served as a staff attorney and then senior staff attorney at the Center for Reproductive Rights.  From 1997 to 2011, she served as senior staff attorney and then deputy director of the public policy litigation team of Planned Parenthood Federation of America.  During her years leading reproductive rights litigation, she argued many motions, conducted several trials, and argued cases in many courts of appeals, including the United States Supreme Court.

1

2

3

4

5

6

7

8

9

14.     In 2011, Ms. Gartner joined Earthjustice as a staff attorney, a position that is essentially the equivalent to a partner position at a for-profit law firm.  She remains a staff attorney at Earthjustice today.  Over her seven years at Earthjustice, Ms. Gartner has worked exclusively on environmental litigation and served as lead or co-counsel in numerous cases involving federal environmental laws.  The focus of her work has been on using environmental statutes to protect human health from toxic chemicals and pesticides, and seeking to limit the health and environmental impacts of industrial agriculture.  *See, e.g.*, *In re A Community Voice*, 878 F.3d 779 (9th Cir. 2017); *Waterkeeper Alliance v. Environmental Protection Agency*, 853 F.3d 527 (D.C. Cir. 2017); *Application of Riverkeeper, Inc. v. Seggos*, 2018 WL 2123908 (N.Y. Sup. Ct. Apr. 23, 2018).

10

11

12

13

14

15

16

17

18

19

20

21

22

15.     In 2011, Ms. Gartner prepared a detailed legal petition to EPA under the Administrative Procedure Act on behalf of several of the plaintiffs in this case as well as other farmworker organizations, asking EPA to adopt revisions to the Agricultural Worker Protection Standard (WPS) under the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA).  *See* https://earthjustice.org/sites/default/files/Petition-to-Revise-Worker-Protection-Standard.pdf.  EPA released proposed revisions to the WPS in 2014, and Ms. Gartner played a leading role in preparing comments on the proposed WPS revisions on behalf of a wide range of farmworker organizations and organizations supporting farmworkers.  The final WPS rule, which was significantly stronger than the proposed rule, was released in September 2015.  Also in 2015, EPA published proposed revisions to the Certification of Pesticide Applicators Rule ("CPA Rule").  The updates to the CPA Rule, which was finalized in January 2017, build on the strengthened provisions of the WPS.  Again, Ms. Gartner played a leading role major in preparing comments on the proposed CPA Rule on behalf of a wide range of farmworker organizations and organizations supporting farmworkers.

23

24

25

26

16.     Ms. Gartner's expertise regarding the WPS and CPA Rules, including the regulatory history of their enactment, was directly applicable and necessary to the successful prosecution of the instant case.  Her familiarity with the plaintiff farmworker organizations and their interests in protection from pesticide exposures was also very valuable to the successful prosecution of this case.

27

28

**Virginia Ruiz**

17.     Ms. Ruiz received her undergraduate degree from the College of William and Mary in Williamsburg, Virginia and a master's degree from the University of Chicago. She attended law school at Stanford Law School and received a juris doctorate in 1997. She was admitted to the California bar in 1998 and the District of Columbia bar in 2003.

18.     Ms. Ruiz is admitted to and has practiced before the United States Courts of Appeals for the D.C. and Ninth Circuits, the United States District Courts for the Southern, Northern, and Eastern Districts of California, and the District of Columbia.  She has never have been suspended or disbarred by any court.

19.     Ms. Ruiz began her career at California Rural Legal Assistance (CRLA) upon graduation from law school.  She was staff attorney for CRLA's Indigenous Project from 1997-2000, where she represented indigenous farmworkers from southern Mexico and Guatemala on matters related to labor rights and occupational safety and health.  In 2000, Ms. Ruiz joined Farmworker Justice, a national advocacy organization for farmworkers in the United States.  During her 18 years at Farmworker Justice, she has engaged in litigation and advocacy on behalf of farmworkers on issues related to environmental justice and occupational health and safety. As director of occupational and environmental health programs at Farmworker Justice, Ms. Ruiz works closely with farmworker organizations and service providers across the country on advocacy and education related to pesticide policy and injury prevention.

20.     During the course of her career, Ms. Ruiz has gained expertise in the regulation of pesticides and worker protection by the U.S. Environmental Protection Agency (EPA).  From 2010-2017, Ms. Ruiz served on the Pesticide Program Dialogue Committee, an EPA federal advisory committee.  In 2002, she served on the General Training Workgroup, an EPA advisory committee which made recommendations for improvements to the Agricultural Worker Protection Standard. (WPS).  She played a leading role in preparing comments to the EPA on proposed revisions to the WPS in 2014, and the Certification of Pesticide Applicators (CPA) Rule in 2016, on behalf of farmworker organizations and organizations supporting farmworkers.

21.     Ms. Ruiz's expertise regarding the WPS and CPA Rule was directly applicable and necessary to the successful prosecution of the instant case.  Her understanding of farmworkers, familiarity with the plaintiff farmworker organizations and their interest in prevention of pesticide exposures was also critical to the successful prosecution of this case.

**Yana Garcia**

22.     Ms. Garcia received her undergraduate degree from the University of California Santa Cruz in 2008 and attended law school at Northeastern University School of Law from 2008 to 2011. She received a juris doctorate in 2011 and was admitted to the California bar in 2012.  She has never been disciplined, suspended, or disbarred by any court.

23.     During law school, Ms. Garcia interned for Alternatives for Community and Environment, where she researched environmental and civil rights issues including EPA permitting and federal funding regulations.  Ms. Garcia also worked for Associate Justice Carlos R. Moreno of the California Supreme Court, the Texas Civil Rights Project, and Thornton & Naumes, LLP during law school.

24.     Ms. Garcia began her post-law school legal career at the law firm of Kazen, McClain, Satterley & Greenwood, PLC in Oakland, California, where she worked as a law clerk from September 2011 to March 2012.  She then served as a legal research attorney for the Honorable Katherine Feinstein at the San Francisco Superior Court in San Francisco, California from March 2012 to January 2013.  From February 2013 to approximately March 2015, Ms. Garcia was a staff attorney at Communities for a Better Environment in Huntington Park and Oakland, California, where she worked on a wide range of environmental justice issues, including administrative rulemakings and regulation of toxic substances.

25.     From April 2015 to July 2017, Ms. Garcia was an Associate Attorney at Earthjustice where she worked on administrative and environmental law and litigation.

26.     During the course of her career, Ms. Garcia has focused on and gained expertise in administrative and environmental law that contributed to her role as an attorney in this case.

**Alexis Andiman**

27.     Ms. Andiman earned her undergraduate degree from St. John's College in Santa Fe, New Mexico, in 2007 and her Juris Doctorate and Certificate in Environmental and Natural Resources Law from Lewis and Clark Law School in 2013.  She is a member in good standing of the State Bars of California and New York.  She is also admitted to practice before the United States Court of Appeals for the Ninth Circuit and the United States District Court for the Southern District of New York.  She has never been disciplined, suspended, or disbarred by any court.

28.     Since graduating from law school, Ms. Andiman has worked exclusively on administrative, environmental, and natural resources law and litigation.  From 2013 to 2014, she served as the Oceans Fellow in the San Francisco office of the Center for Biological Diversity—a non-profit environmental organization based in Tucson, Arizona—where she researched and wrote administrative petitions for rulemaking and contributed to administrative and environmental litigation.  From 2014 to 2016, she worked as a Graduate Fellow Attorney at the Conservation Law Center—a non-profit environmental law firm based in Bloomington, Indiana—where she worked on administrative and environmental litigation and led a seminar on topics pertaining to environmental litigation for second- and third-year law students at Indiana University's Maurer School of Law. Since 2016, Ms. Andiman has worked as an Associate Attorney in the Sustainable Food and Farming program at Earthjustice, where she works on administrative and environmental law and litigation.  As part of her work with Earthjustice, Ms. Andiman has given multiple presentations on laws and regulations pertaining to Sustainable Food and Farming.  For instance, in March 2018, she spoke about the regulation of organophosphate pesticides at a public meeting of the New York City Group of the Sierra Club.

29.     During the course of her career, Ms. Andiman has gained particular expertise in the requirements to establish Article III standing for individuals and organizations, especially in the context of administrative and environmental claims.  This expertise was directly applicable and necessary to the successful prosecution of the instant case, for which she worked with representatives of the plaintiff organizations to prepare accurate and legally sufficient standing declarations.

**Marie Logan**

30.     Ms. Logan received her undergraduate degree from the University of California at Berkeley in 2009 and attended law school at the University of Pennsylvania Law School from 2012 to 2015.  She received a juris doctorate in 2015, and took and passed the California Bar Examination upon graduation from law school.  She was admitted to the California bar in December 2015.

31.     Ms. Logan is admitted to and has practiced before the United States District Courts for the Northern, Eastern, and Central Districts of California.  She has never been suspended or disbarred by any court.

32.     Ms. Logan began her career in environmental advocacy with Food & Water Watch as a research and policy analyst in 2009 after working as an undergraduate intern with the organization in 2008.  Food & Water Watch advocates for safe food, clean water, and healthy ocean ecosystems. During her time at Food & Water Watch, Ms. Logan prepared and delivered written and oral comments to many state and federal regulatory agencies to encourage the promulgation of policies that would be protective of environmental and human health, including on pesticides, farming, and worker safety topics.  Ms. Logan became a community organizer with Food & Water Watch in 2011, and was trained in effective advocacy techniques for working with regulatory agencies and petitioning elected officials to address environmental policy issues.  In 2012, Ms. Logan left this position to attend law school.

33.     After law school, Ms. Logan clerked for one year on the New Jersey Supreme Court from 2015 to 2016.  In 2016, she was hired into a one-year fellowship with Earthjustice, and in 2017, she became an associate attorney, the position she remains in today.  During law school internships and since graduation, Ms. Logan's career has been focused exclusively on environmental litigation, with the exception of her clerkship year, which was a generalist position.

34.     During the course of her career, Ms. Logan has gained expertise in administrative and environmental law that contributed to her role as an attorney in this case.

**Law Clerk**

35.     Earthjustice hires top performing law students to serve as law clerks during the school year and summer.  Most of Earthjustice's law clerks have experience with or have demonstrated an

1  interest in environmental law as well as civil litigation and are typically either in their second or

2  third year of law school.  The law clerk who worked on this case had finished law school but had not

3  yet been sworn into the bar at the time she performed work on this case.

4  **Earthjustice Time Records and the Exercise of Billing Judgment**

5      36.    All Earthjustice attorneys and law clerks are instructed to record contemporaneously

6  the time that we spend on every case to which we are assigned, indicating in 6-minute increments the

7  specific the task undertaken.  The recorded time is then stored in Earthjustice's database.

8  Farmworker Justice attorneys record contemporaneously on Excel spreadsheets the time spent on

9  each case and the specific task undertaken.

10     37.    In preparing this fee application, I reviewed all of the time recorded by Earthjustice

11 attorneys on this case.  I then exercised careful billing judgment to exclude from Plaintiffs' claim for

12 fees any time that was arguably expended on tasks not appropriately included in this fees claim or

13 excessive to the task at hand.

14     38.    After my exercise of billing judgment, Plaintiffs seek reimbursement for 60.9 hours

15 of work performed by Ms. Gartner, 212.3 hours performed by me, 26.0 hours performed by Ms.

16 Ruiz, 34.8 hours performed by Ms. Garcia, 26.7 hours performed by Ms. Andiman, 25.7 hours

17 performed by Ms. Logan, and 43.1 hours performed by a law clerk regarding litigation of the merits

18 of this case.  A summary of the calculations for fees Plaintiffs seek for work on the merits of this

19 case is attached in Exhibit A hereto and the specific tasks for which Plaintiffs seek reimbursement

20 for litigation of the merits of this case are set forth in detail in Exhibits B, C and D hereto.

21 Additionally, Plaintiffs seek reimbursement for 11.4 hours of work performed by attorneys related to

22 preparation of this fee petition.  The specific tasks for which Plaintiffs seek reimbursement for

23 litigation of the merits of this case are set forth in detail in Exhibit E hereto.  In my opinion, all of the

24 attorney time claimed by Plaintiffs in this case was reasonably spent and necessary to the results

25 obtained, and would have been appropriately billed to a paying client at a for-profit law firm.

26     39.    These hours only include work through the date of this filing.  Plaintiffs may also

27 seek reimbursement for additional work performed by attorneys or law clerks related to litigating

28 Plaintiffs' motion for attorneys' fees and costs.

40.      In addition to attorneys' fees, Plaintiffs seek to recover $1,582.24 in costs and other expenses reasonably incurred in this case.  The specific costs and other expenses claimed by Plaintiffs are set forth in Exhibit F hereto.

**Market Rates in the San Francisco Area**

41.      As a result of my practice, I am familiar with the prevailing market rate charged by lawyers of comparable experience, skill, and qualifications in the San Francisco area for kind of legal services provided by Earthjustice in this case.  My knowledge of prevailing market rates is based on my review of recent surveys of rates charged by private law firms, knowledge of rates that our colleagues have received, and knowledge of recent fee awards in similar cases. Earthjustice attorneys have been awarded San Francisco Bay Area market rates under EAJA for comparable legal services rendered in other cases involving federal environmental statutes.  For example, in *Pollinator Stewardship Council v. U.S. Envtl. Prot. Agency*, No. 13-72346, 2017 WL 3096105, at *6 (9th Cir. June 27, 2017), the Ninth Circuit awarded $550/hour for an attorney with 14 years of experience, $700/hour for an attorney with 29 years of experience, and $189/hour for a law clerk.  In *Center for Food Safety v. Vilsack*, No. C 08-00484 JSW (EDL), 2011 WL 6259891 (N.D. Cal. Oct. 13, 2011), *report and recommendation adopted by,* 2011 WL 6259683 (N.D. Cal., Dec. 15, 2011), the court awarded fees for the work performed by Earthjustice attorneys at the rate of $650 per hour for an attorney with 25 years of experience, $575 for an attorney with 12 years of experience, $525 for an attorney with 10 years of experience, $450 for an attorney with 7 years of experience, $410-$385 for attorneys with 4 years of experience, $350 for an attorney with 3 years of experience, and $145 for law clerks for work performed primarily in 2008.

42.      Based on my research and experience, I conclude that $750 is a reasonable hourly rate for work performed by Eve Gartner, an attorney with 29 years of experience; $650 is a reasonable hourly rate for my work as an attorney with 23 years of experience, $650 is a reasonable hourly rate for work performed by Virginia Ruiz, an attorney with 20 years of experience; $400 is a reasonable hourly rate for work performed by Yana Garcia, an attorney with 6 years of experience;

$350 is a reasonable hourly rate for work performed by Alexis Andiman, an attorney with 4 years of experience; $196.79[1] is a reasonable hourly rate for cite checking work performed by Marie Logan, an attorney with two years of experience; and $189 is a reasonable hourly rate for work performed by law clerks.

43.     It is my opinion that Plaintiffs could not have retained competent legal counsel to represent them in this case at the EAJA statutory rate, which is approximately $197 per hour.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  June 19, 2018

Stacey P. Geis

---

[1] This is the 2017 non-enhanced hourly rate under EAJA, adjusted for increases in the cost of living. See Statutory Maximum Rates Under the Equal Access to Justice Act, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visted May 8, 2018).

**EXHIBIT A - Summary of Attorney and Law Clerk Hours and Fees Related to Merits**

| Attorney | JD Year | Rate | Hours | Total |
|---|---|---|---|---|
| Alexis Andiman | 2013 | $350 | 26.7 | $9,345.00 |
| Eve Gartner | 1988 | $750 | 60.9 | $45,675.00 |
| Marie Logan | 2015 | $197 | 25.7 | $5,057.50 |
| Stacey Geis | 1994 | $650 | 212.3 | $137,995.00 |
| Virginia Ruiz | 1997 | $650 | 26.0 | $16,900.00 |
| Yana Garcia | 2011 | $400 | 34.8 | $13,920.00 |
| | | | | |
| Law Clerk | N/A | $189 | 43.1 | $8,145.90 |
| | | | | |
| **TOTAL** | | | **429.5** | **$237,038.40** |

# EXHIBIT B - Attorney Hours Related to Merits

| Date | Professional | Hours | Narrative |
|------|-------------|-------|-----------|
| 9/20/2017 | Alexis Andiman | 1.1 | Reviewed complaint and rule. |
| 9/20/2017 | Alexis Andiman | 1.1 | Standing interview with CRLAF. |
| 9/21/2017 | Alexis Andiman | 1.5 | FWAF standing interview. |
| 9/21/2017 | Alexis Andiman | 1.1 | PANNA standing interview. |
| 9/22/2017 | Alexis Andiman | 5.3 | Background reading, standing interview, declaration drafting. |
| 9/25/2017 | Alexis Andiman | 1.0 | UFW standing interview.  Meeting with Eve and Amanda. |
| 9/27/2017 | Alexis Andiman | 3.5 | Reviewed interview notes.  Drafted declarations. |
| 11/3/2017 | Alexis Andiman | 0.3 | Read EPA's opposition to our motion for summary judgment. |
| 11/3/2017 | Alexis Andiman | 0.4 | Meeting re: necessary research. |
| 11/7/2017 | Alexis Andiman | 6.8 | CPA reply research. |
| 11/8/2017 | Alexis Andiman | 4.6 | Research for reply, draft email re: same |
|  | **TOTAL** | **26.7** |  |
|  |  |  |  |
|  |  |  |  |
| 5/1/2017 | Eve Gartner | 1.0 | emails / reading re new delay |
| 5/2/2017 | Eve Gartner | 1.5 | call with Yana; WPS call |
| 5/4/2017 | Eve Gartner | 2.0 | research claims |
| 5/5/2017 | Eve Gartner | 1.0 | call to discuss CPA strategy |
| 5/7/2017 | Eve Gartner | 3.0 | edits to letter to EPA re delays |
| 5/8/2017 | Eve Gartner | 1.9 | work on delay letter |
| 5/16/2017 | Eve Gartner | 2.8 | read cases re cpa delay; call with clients; Farmworkers team call |
| 5/17/2017 | Eve Gartner | 2.5 | work on sign on letter for 3rd delay |
| 5/18/2017 | Eve Gartner | 2.5 | call with Yana and Stacy re plans; emails re PRIA QFRs |
| 5/19/2017 | Eve Gartner | 2.5 | emails; comments on delay; 9th cir filing |
| 6/2/2017 | Eve Gartner | 1.0 | call with pesiticdes expert and FWJ and Stacey re delays and legal arguments |
| 6/5/2017 | Eve Gartner | 3.0 | edits to complaint |
| 6/6/2017 | Eve Gartner | 2.0 | edits to complaint |
| 6/9/2017 | Eve Gartner | 3.0 | call with APA expert; review and edit complaint; logistics around CRLAF joining |
| 6/19/2017 | Eve Gartner | 0.5 | pro hac motion |
| 6/21/2017 | Eve Gartner | 0.5 | call with Virginia and Stacey |
| 7/3/2017 | Eve Gartner | 1.2 | Review draft mtd and 2d petition for 9th Cir. filing, and suggest edits.  Emails with Stacey. |
| 7/5/2017 | Eve Gartner | 0.3 | call with Stacey re venue and expediting case |
| 8/17/2017 | Eve Gartner | 1.2 | Call with Stacey and Virginia re MSJ; to thru files for info on orgaizational standing from past cases |
| 9/5/2017 | Eve Gartner | 0.5 | Call with Stacey re possible settlement |
| 9/6/2017 | Eve Gartner | 0.8 | Call with Stacey re settlement; review case mgt order |

# EXHIBIT B - Attorney Hours Related to Merits

| | | | |
|---|---|---|---|
| 9/7/2017 | Eve Gartner | 1.8 | Call with Stacey and Virginia re possible settlement terms; emails; draft possible settlement agreement language |
| 9/17/2017 | Eve Gartner | 0.8 | Emails re clients re time for declarations |
| 9/20/2017 | Eve Gartner | 1.0 | Set up interviews for standing decl's |
| 9/21/2017 | Eve Gartner | 2.0 | Calls with clients re standing decl's; meet with team re same |
| 9/22/2017 | Eve Gartner | 0.7 | Call re PCUN standing decl |
| 9/25/2017 | Eve Gartner | 1.0 | call with UFW re standing decl's |
| 9/27/2017 | Eve Gartner | 0.9 | Revisions to  CRLAF declarations |
| 9/28/2017 | Eve Gartner | 1.0 | Finalize Jeannie / FWAF declaratoiln |
| 9/29/2017 | Eve Gartner | 1.0 | Emails re declarations and MSJ |
| 10/1/2017 | Eve Gartner | 2.5 | Read / suggest edits to MSJ |
| 10/2/2017 | Eve Gartner | 0.5 | Review PANNA decl |
| 10/4/2017 | Eve Gartner | 3.1 | MSJ review |
| 11/1/2017 | Eve Gartner | 1.0 | Read DOJ Opp Brief; emails re same |
| 11/2/2017 | Eve Gartner | 1.5 | Call with Stacey re Reply brief.  Research re standing for reply. |
| 11/6/2017 | Eve Gartner | 1.1 | Call with litigation team re reply brief |
| 11/8/2017 | Eve Gartner | 2.7 | Review and edit draft declaration re PPDC meeting for reply; review draft reply brief |
| 11/9/2017 | Eve Gartner | 2.1 | Revisions to reply brief |
| 11/10/2017 | Eve Gartner | 1.0 | Final review reply brief |
| 12/15/2017 | Eve Gartner | 0.5 | call with Virginia and Stacey re EPA notice and possible response |
| | TOTAL | 60.9 | |
| | | | |
| 9/28/2017 | Marie Logan | 3.1 | Cite checking for Stacey |
| 9/29/2017 | Marie Logan | 7.1 | Cite-checking of Pesticide Applicator Rule SJ brief for Stacey |
| 9/30/2017 | Marie Logan | 4.8 | Finishing citecheck of pesticide delay rule brief |
| 10/3/2017 | Marie Logan | 1.0 | Cite check of portions of pesticide summary judgment brief |
| 11/8/2017 | Marie Logan | 1.5 | Reviewing Stacey's reply pesticide brief |
| 11/9/2017 | Marie Logan | 8.2 | Cite-checking pesticide reply brief |
| | TOTAL | 25.7 | |
| | | | |
| 5/1/2017 | Stacey Geis | 0.2 | Emails with Yana re accepting this litigation. |
| 5/2/2017 | Stacey Geis | 1.0 | Prepare for and attend call re potential litigation. |
| 5/2/2017 | Stacey Geis | 1.0 | Mtg to discuss litigation strategy |
| 5/2/2017 | Stacey Geis | 2.5 | Research APA and FIFRA claims, in particular venue and jurisdiction, notice and comment |
| 5/5/2017 | Stacey Geis | 1.0 | Mtg to discuss litigation strategy |

# EXHIBIT B - Attorney Hours Related to Merits

| 5/8/2017 | Stacey Geis | 2.2 | Read similar delay complaints; research delay cases and law review articles |
|---|---|---|---|
| 5/10/2017 | Stacey Geis | 2.2 | research FIFRA and APA claims; FIFRA jurisdiction; prepare litigation memo |
| 5/11/2017 | Stacey Geis | 1.1 | Prepare litigation memo |
| 5/12/2017 | Stacey Geis | 4.3 | Worked on case approval form; worked on litigation memo; emails re research; call with Eve, Yana, Patti and Tom re litigation strategy and complaint; read cases. |
| 5/12/2017 | Stacey Geis | 0.5 | Prepare conflicts check |
| 5/12/2017 | Stacey Geis | 0.5 | call with T. Cmar re APA delay case complaint |
| 5/14/2017 | Stacey Geis | 3.5 | Worked on case approval form; worked on litigation memo; emails re comment letter |
| 5/14/2017 | Stacey Geis | 0.6 | prepare email to team re case approval form and cases involving shortened comment periods |
| 5/14/2017 | Stacey Geis | 1.2 | prepare, review and edit case approval form; confirm clients; emails to team re clients |
| 5/15/2017 | Stacey Geis | 2.0 | finalize case approval form, including with expedited review; emails/call re same |
| 5/16/2017 | Stacey Geis | 0.5 | Call with clients re litigation strategy |
| 5/16/2017 | Stacey Geis | 0.6 | review edited case approval form; answer questions from SLT re case approval form |
| 5/16/2017 | Stacey Geis | 0.5 | call with Eve and Yana re litigation strategy |
| 5/16/2017 | Stacey Geis | 1.0 | conduct research on APA violations in context of delays and suspensions of rules; read E. Cheuse's chemical rule delay petition |
| 5/17/2017 | Stacey Geis | 2.2 | research FIFRA jurisdiction question; read cases; read earlier internal research; emails with EJ attorneys re same |
| 5/18/2017 | Stacey Geis | 3.2 | work on petition to 9th Circuit; review comments/edits from others; review similar filings |
| 5/18/2017 | Stacey Geis | 0.6 | call with Patti G. re petition; FIFRA jurisdiction |
| 5/18/2017 | Stacey Geis | 0.2 | confirm team's admission status with 9th Circuit and NDCA |
| 5/23/2017 | Stacey Geis | 0.7 | call re new federal register notice and delay; email to team re next steps re filing complaint |
| 5/24/2017 | Stacey Geis | 0.5 | draft email to clients re update with delay notices and litigation strategy |
| 5/24/2017 | Stacey Geis | 0.3 | discuss with clients whether to file new comments; discuss with team |
| 5/24/2017 | Stacey Geis | 3.5 | draft complaint |
| 5/26/2017 | Stacey Geis | 2.5 | draft complaint |
| 5/27/2017 | Stacey Geis | 4.0 | draft complaint |
| 5/30/2017 | Stacey Geis | 2.2 | work on draft complaint; emails re same |
| 5/30/2017 | Stacey Geis | 0.5 | emails and discussions re filing comments by June 4 |

# EXHIBIT B - Attorney Hours Related to Merits

| 5/31/2017 | Stacey Geis | 0.3 | read May 22 federal register notice; discussion re providing comments |
|-----------|-------------|-----|------------------------------------------------------------------------|
| 5/31/2017 | Stacey Geis | 0.6 | read comment letter from pesticide expert; emails re same |
| 5/31/2017 | Stacey Geis | 1.2 | research FIFRA procedural violation; read relevant case law; statutes; leg history |
| 6/1/2017 | Stacey Geis | 1.0 | call with pesticide expert re recent delay |
| 6/1/2017 | Stacey Geis | 5.2 | work on draft complaint |
| 6/2/2017 | Stacey Geis | 6.0 | draft complaint |
| 6/6/2017 | Stacey Geis | 7.2 | work on complaint; review edits/comments from others |
| 6/8/2017 | Stacey Geis | 0.7 | call with Virginia re complaint, co-counsel; determine if CRLA will be client |
| 6/9/2017 | Stacey Geis | 3.7 | draft complaint |
| 6/9/2017 | Stacey Geis | 0.8 | emails and discussions re CRLA and other clients; input CLRA info into complaint |
| 6/9/2017 | Stacey Geis | 1.2 | read EPA federal register notice from January 2017; read EPA summaries on the CPA Rule from website; incorporate into complaint |
| 6/9/2017 | Stacey Geis | 0.4 | call with M. Reeves re filing of complaint |
| 6/12/2017 | Stacey Geis | 2.7 | read and edit complaint; send and incorporate edits from team; review exhibits |
| 6/13/2017 | Stacey Geis | 3.7 | review and edit near final draft of complaint; emails and calls with Yana; review final complaint before filing |
| 6/14/2017 | Stacey Geis | 0.4 | read final complaint |
| 6/15/2017 | Stacey Geis | 0.2 | emails re contacting DOJ attorney; |
| 6/16/2017 | Stacey Geis | 0.1 | contact DOJ attorney; emails re same |
| 6/19/2017 | Stacey Geis | 0.1 | Call with DOJ attorney re 9th circuit filing |
| 6/19/2017 | Stacey Geis | 0.1 | Emails with team re contacting DOJ atorney |
| 6/20/2017 | Stacey Geis | 0.1 | Review court order |
| 6/20/2017 | Stacey Geis | 0.1 | Talk with attorneys re court order and strategy |
| 6/21/2017 | Stacey Geis | 0.8 | emails with team, EJ attorneys, and DOJ opposing counsel re possible tolling agreement |
| 6/22/2017 | Stacey Geis | 0.1 | Read Order re ADR and CMC |
| 6/22/2017 | Stacey Geis | 0.2 | review consent to magistrate judge issue; discuss with team |
| 6/25/2017 | Stacey Geis | 0.6 | Prepare motion to dismiss for 9th Cir. re: stay of proceedings, obtain and read similar MTDs from other offices |
| 6/26/2017 | Stacey Geis | 0.2 | Talk with DOJ re petition and case mgt |
| 6/26/2017 | Stacey Geis | 0.3 | Read and send emails re DOJ request for stipulation, motion, AR |
| 6/27/2017 | Stacey Geis | 1.0 | Mtgs with Abigail re second petition, motion to stay, emails with team re stip, talk to GL re motion and consolidating petition, talk with HM re same. |

# EXHIBIT B - Attorney Hours Related to Merits

| | | | |
|---|---|---|---|
| 6/28/2017 | Stacey Geis | 1.0 | Prepare email for clients: review stip; email DOJ, emails with team re same |
| 6/28/2017 | Stacey Geis | 6.2 | Work on MTD to 9th circuit re jurisdiction. |
| 6/30/2017 | Stacey Geis | 5.4 | Work on MTD to 9th Cir. and prepare second petition. |
| 7/1/2017 | Stacey Geis | 2.6 | Work on MTDn, second petition, email to confirm counsel re same. |
| 7/1/2017 | Stacey Geis | 3.5 | Work on MTD, prepare second petition, email to co counsel re same. |
| 7/3/2017 | Stacey Geis | 1.0 | Work on motion and petition for Wed filing |
| 7/3/2017 | Stacey Geis | 0.4 | Prepare email for clients re two pleadings due Wednesday. |
| 7/3/2017 | Stacey Geis | 2.5 | Work on motion and second petition. Email clients re both. |
| 7/3/2017 | Stacey Geis | 3.5 | Work on adding CRLA to second petition; work on motion and second petition |
| 7/4/2017 | Stacey Geis | 1.3 | Work on motion; work on litigation memo; read recent delay ruling out of D.C. Circuit |
| 7/5/2017 | Stacey Geis | 0.7 | Work on motion and second petition. |
| 7/5/2017 | Stacey Geis | 2.5 | Work on litigation memo |
| 7/5/2017 | Stacey Geis | 1.7 | Work on finalizing motion and petition |
| 7/12/2017 | Stacey Geis | 0.7 | Prepare mediation questionnaire, emails re same. |
| 7/18/2017 | Stacey Geis | 0.5 | Read EPA response to motion to show cause. Emails re same. |
| 7/19/2017 | Stacey Geis | 0.7 | Revise litigation memo |
| 7/21/2017 | Stacey Geis | 0.7 | Research MSJ vs judgment on pleadings; review other briefs re same |
| 7/21/2017 | Stacey Geis | 0.4 | Review memo re MSJ before filing AR; research the same. |
| 7/24/2017 | Stacey Geis | 0.7 | Review research on APA claims, read law clerk memo re same. |
| 7/24/2017 | Stacey Geis | 0.5 | Read Chemical disaster rule reply brief re irreparable harm. |
| 7/24/2017 | Stacey Geis | 0.3 | Review MSJ in similar delay case; emails re same to Eve; email to clients re EPA response |
| 8/10/2017 | Stacey Geis | 0.3 | emails re 2 9th Cir petitions not being consolidated.  Review draft motion to consolidate. |
| 8/11/2017 | Stacey Geis | 0.5 | call w/ Eve re litigation strategy; call w/ Joel M re MSJ filing |
| 8/15/2017 | Stacey Geis | 0.3 | call w/ Eve re litigation strategy and MSJ |
| 8/15/2017 | Stacey Geis | 0.3 | prepare mediation order |
| 8/15/2017 | Stacey Geis | 0.2 | respond to client question re local court rules |
| 8/16/2017 | Stacey Geis | 0.8 | prepare draft email to mediator; send to co-counsel for review and comment; email to clients re settlement and ADR; email to co-counsel re MSJ and standing declarations |

# EXHIBIT B - Attorney Hours Related to Merits

| | | | |
|---|---|---|---|
| 8/16/2017 | Stacey Geis | 0.6 | collect sample MSJs and review |
| 8/16/2017 | Stacey Geis | 0.5 | call w/ co-counsel re MSJ and standing declarations |
| 8/16/2017 | Stacey Geis | 0.5 | call w/ team to figure out standing declarations |
| 8/21/2017 | Stacey Geis | 0.5 | read EPA's Answer to complaint; emails re same |
| 8/22/2017 | Stacey Geis | 0.5 | Prepare email re mediation; review court rules and ADR rules |
| 8/25/2017 | Stacey Geis | 3.5 | conduct meet and confer re ADR; emails with clients re ADR; draft ADR certifications and obtain client signatures; mtg w/ Rikki W re same |
| 8/28/2017 | Stacey Geis | 0.5 | work on client ADR certifications; file with court |
| 9/5/2017 | Stacey Geis | 2.8 | attend ADR call w/ opposing counsel; call w/ opposing counsel re possible settlement; call w/ co-counsel re possible settlement; prepare case management statement; review consent decrees from other cases |
| 9/6/2017 | Stacey Geis | 2.5 | review possible settlement options; review consent decrees; talk with attorneys within Earthjustice re settlement options; talk with co-counsel re settlement; finalize and file case management statement |
| 9/7/2017 | Stacey Geis | 5.5 | prepare second motion to dismiss in 9th Circuit; attend settlement calls with team and with opposing counsel; draft settlement proposal; draft email to clients re same |
| 9/11/2017 | Stacey Geis | 2.6 | work on MSJ motion; write up settlement proposal for opposing counsel; call w/ opposing counsel; re-write settlement proposal and send to opposing counsel; review Meese memo |
| 9/11/2017 | Stacey Geis | 0.4 | email to clients re settlement discussions; emails with co-counsel re same, including examples of recent RUP exposures |
| 9/12/2017 | Stacey Geis | 0.2 | Read the Reno memo re: possible settlement |
| 9/12/2017 | Stacey Geis | 1.2 | call w/ DOJ re settlement; emails and call w/ co-counsel to discuss settlement options; review consent decrees vs. settlement agreements |
| 9/13/2017 | Stacey Geis | 1.4 | write email to clients re settlement position; call with DOJ re settlement; call w/ DOJ and Court ADR facilitator |
| 9/14/2017 | Stacey Geis | 2.7 | work on summary judgment motion |
| 9/15/2017 | Stacey Geis | 2.3 | travel to and from court; attend CMC; prepare for CMC; email to co-counsel re updates |
| 9/24/2017 | Stacey Geis | 5.3 | Work on MSJ |
| 9/28/2017 | Stacey Geis | 7.8 | Work on MSJ; email to clients; call with Eve |
| 9/29/2017 | Stacey Geis | 0.2 | Work on MSJ |
| 9/30/2017 | Stacey Geis | 1.8 | Work on MSJ |
| 10/1/2017 | Stacey Geis | 1.5 | Work on MSJ |
| 10/3/2017 | Stacey Geis | 10.5 | Work on MSJ |
| 10/4/2017 | Stacey Geis | 1.6 | Finalize MSJ |

## EXHIBIT B - Attorney Hours Related to Merits

| 11/2/2017 | Stacey Geis | 1.4 | call w/ Eve re reply; research standing; email Karli re research assistance |
|---|---|---|---|
| 11/5/2017 | Stacey Geis | 4.5 | research and begin drafting reply for MSJ |
| 11/5/2017 | Stacey Geis | 1.6 | review opposition to MSJ; emails re similar DOJ responses; review similar response in fisheries case |
| 11/6/2017 | Stacey Geis | 3.2 | work on reply brief |
| 11/7/2017 | Stacey Geis | 5.0 | work on reply brief |
| 11/9/2017 | Stacey Geis | 7.5 | work on reply brief and accompanying declarations and exhibits |
| 11/10/2017 | Stacey Geis | 2.4 | finalize reply brief |
| 12/4/2017 | Stacey Geis | 0.4 | call w/ Eve re case and next steps |
| 12/15/2017 | Stacey Geis | 0.5 | call to discuss next steps in litigation and advocacy |
| 12/15/2017 | Stacey Geis | 0.3 | call courtroom deputy re order vacating oral argument and next steps; emails with team re same |
| 12/18/2017 | Stacey Geis | 1.2 | prepare Plaintiffs' Response to Notice of Related Action |
| 12/19/2017 | Stacey Geis | 1.2 | review edits to response, final read; emails re same |
| 12/19/2017 | Stacey Geis | 0.9 | prepare, review and finalize Plaintiffs' Response to Notice of Related Action |
| 12/19/2017 | Stacey Geis | 0.3 | prepare email to clients re notice of related action and next steps in litigation |
|  | **TOTAL** | **212.3** |  |
|  |  |  |  |
| 5/9/2017 | Yana Garcia | 1.3 | check in with Stacey re: case admin and research tasks. research re: deadline for filing |
| 5/10/2017 | Yana Garcia | 0.3 | discuss logistics with Stacey.  Send email to Greg, Petti and Eve. |
| 5/11/2017 | Yana Garcia | 1.3 | review email re: new notices and EPA press release.  Quick check in with Stacey. |
| 5/12/2017 | Yana Garcia | 2.4 | review cases and research and prep for litigation strategy call. Telephone call with Eve, Patti, Stacey and Thom. |
| 5/14/2017 | Yana Garcia | 0.7 | Review email for client confirmation. Review case approval form and add confirmed clients. Email potential additional clients. |
| 5/15/2017 | Yana Garcia | 1.9 | Revise case approval form. Organize documents, and email confirmation to clients et al., for call. |
| 5/16/2017 | Yana Garcia | 2.5 | Review Drew email and revisions to case approval form. Add to revisions, and send to Stacey. Email explanation to Heather and Eve. Review emails with protective notice templates. Send around agenda for call with potential clients. |
| 5/16/2017 | Yana Garcia | 2.8 | Review notice/petition templates and review fed rules of appellate practice as well as Ninth Circuit rules to prep filings. |
| 5/16/2017 | Yana Garcia | 0.5 | Call with others re: delay litigation |

## EXHIBIT B - Attorney Hours Related to Merits

| 5/18/2017 | Yana Garcia | 2.3 | review email updates. check in with Stacey.  Review and respond to email, Check in with John re: retainers; email andrea re: client list |
|-----------|-------------|-----|-----------------------------------------------------------------------------------------------------------------------------------------|
| 5/19/2017 | Yana Garcia | 1.3 | check in with John re: retainers, email Stacey and Eve re: co counsel issue. Telephone call with Virginia at Farmworker Justice |
| 5/22/2017 | Yana Garcia | 0.4 | call with Eve re: Friday's filing; and re: new fact research notice |
| 5/22/2017 | Yana Garcia | 0.5 | review emails, updates, and new federal register notices |
| 5/25/2017 | Yana Garcia | 0.2 | Discuss next steps with Virginia |
| 5/30/2017 | Yana Garcia | 1.0 | Meeting with Stacey. follow up re: APA research and research assignment for law clerk; Virginia pro hac vice admission, etc, |
| 5/31/2017 | Yana Garcia | 0.4 | review and respond to email re: meetings.  Look for comment letters. |
| 5/31/2017 | Yana Garcia | 1.4 | check in with Stacey.  Review APA research documents. Review and respond to email re retainers, etc.; and pull client group descriptions and send to Stacey. |
| 6/1/2017 | Yana Garcia | 2.3 | Email (re: retainers) and finish write up on clients. Check in with Stacey. Review Fed Reg notice doc; meet with Abigail re: research inquiries. |
| 6/2/2017 | Yana Garcia | 0.6 | review draft complaint |
| 6/5/2017 | Yana Garcia | 0.4 | revise draft complaint |
| 6/6/2017 | Yana Garcia | 2.7 | review Eve edits.  Compile all edits in single complaint doc. |
| 6/7/2017 | Yana Garcia | 1.0 | Meeting with Stacey and eve re: complaint, filing and litigation logistics |
| 6/7/2017 | Yana Garcia | 0.6 | review complaint (pre-mtg with Stacey and Eve) |
| 6/9/2017 | Yana Garcia | 1.4 | review and revise complaint |
| 6/10/2017 | Yana Garcia | 0.9 | Review and revise complaint - incorporate edits from Virginia |
| 6/13/2017 | Yana Garcia | 2.2 | Review revise and recirculate complaint draft. Email for litigation support and review. |
| 6/13/2017 | Yana Garcia | 0.9 | Review and revise complaint and email Stacey |
| 6/21/2017 | Yana Garcia | 0.6 | Call with Stacey, Eve and Virginia. (And prep.) |
|  | **TOTAL** | **34.8** |  |

## EXHIBIT C - Law Clerk Hours Related to Merits

| Date | Professional | Hours | Narrative |
|------|-------------|-------|-----------|
| 9/21/2017 | Amanda Goodhart | 5.4 | Prepare draft standing declaration for A. Katten; Sit in on calls with clients to get information for standing declarations. |
| 9/22/2017 | Amanda Goodhart | 4.9 | Prepare draft standing declaration for A. Katten; Sit in on calls with clients to get information for standing declarations. |
| 9/25/2017 | Amanda Goodhart | 6.2 | Prepare draft standing declaration for A. Katten and Farmworkers Association of Florida; Sit in on calls with clients to get information for standing declarations. |
| 10/2/2017 | Amanda Goodhart | 3.0 | Conduct interview with potential declarant for inclusion in standing declarations filing. |
| 10/3/2017 | Amanda Goodhart | 4.5 | Draft and finalize standing declarations to include with motion for summary judgment. |
| 10/4/2017 | Amanda Goodhart | 2.0 | Read and edit standing declarations to be included in motion for summary judgment. |
| 11/3/2017 | Amanda Goodhart | 2.6 | Research standing issues for response to motion for summary judgment. |
| 11/6/2017 | Amanda Goodhart | 7.0 | Research procedural standing for response to motion for summary judgment; 0.7 hours - call with S. Geis, E. Gartner, V. Ruiz to discuss reply brief. |
| 11/7/2017 | Amanda Goodhart | 7.5 | 5.0 hours - Research procedural standing standards for inclusion in response brief to motion for summary judgment; 2.5 hours - research cases relating to bad faith exceptions and background information questions for supplemental evidence in an administrative case. |
| | **TOTAL** | **43.1** | |

# EXHIBIT D - Attorney Virginia Ruiz Hours Related to Merits

| Date | | Hours | Narrative |
|---|---|---|---|
| May 2017 | 17 | 0.5 | Review 9th cir petition |
| | 18 | 0.5 | Conf call - co-counsel re strategy for dist court filing |
| | 23 | 0.5 | Communication w/co-counsel re filing date, complaint |
| | 2 | 1 | Call w/B Jordan; potential arguments |
| | 9 | 0.5 | Call w/M Kirkpatrick re litig strategy |
| | 16 | 0.5 | Call w/B Jordan; potential arguments |
| August | 18 | 0.25 | Review EPA answer to complaint |
| September | 7 | 1.25 | Email correspondence & call w/EJ re settlement, standing |
| | 8 | 0.5 | Email correspondence w/EJ re settlement, standing |
| | 12 | 1 | Email correspondence & call w/EJ re settlement, standing |
| | 21 | 1 | Standing interview J Economos, FWAF |
| | 22 | 1 | Standing interview R Ramirez, PCUN |
| | 25 | 1 | Standing interview E Nicholson, UFW |
| | 26 | 1 | Standing interview UFW member G Rios |
| | 27 | 1 | Standing interview PCUN member H Rojas |
| | 29 | 1.5 | Draft standing declaration H Rojas |
| | 30 | 1 | Draft standing declaration G Rios |
| October | 1 | 2 | Review standing declarations, MSJ draft |
| | 2 | 0.5 | Review standing declarations, MSJ draft |
| November | 1 | 0.5 | Review EPA opposition brief |
| | 3 | 0.5 | Email to EJ co-counsel re PPDC meeting documents |
| | 6 | 0.5 | Call w/EJ co-counsel re reply to MSJ opposition |
| | 7 | 2 | Draft declaration of A Liebman |
| | 8 | 2 | Draft declaration of B Jordan, revise AL decl |
| | 9 | 1 | Review declarations and finalize; edited draft reply to Def opposition to MSJ |
| | 10 | 0.5 | Review reply to Def opposition to MSJ |
| December | 4 | 1 | Call w/ EJ co-counsel re oral argument |
| | 15 | 1 | Call w/ EJ co-counsel re EPA filing |
| | 19 | 0.5 | Review, edit Response to EPA Notice of Related Action |
| Total | | 26.00 | |

# EXHIBIT E - Attorney Hours Related to Seeking Fees

| Date | Professional | Hours | Narrative |
|---|---|---|---|
|  |  |  |  |
| 5/17/2018 | Alexis Andiman | 2.4 | Wrote and edited fee petition paragraphs. |
| 5/17/2018 | Eve Gartner | 0.8 | Write paragraphs describing my work history for fee petition |
| 5/16/2018 | Marie Logan | 0.7 | Drafting language for EAJA fee recovery |
| 4/2/2018 | Stacey Geis | 0.5 | work on stipulation to extend time to file attorneys' fee motion; review similar stipulations; emails re same with DOJ and co-counsel |
| 4/3/2018 | Stacey Geis | 0.3 | work on stip to continue fees motion |
| 5/7/2018 | Stacey Geis | 0.3 | work on settlement letter with Anna |
| 5/7/2018 | Stacey Geis | 1.1 | review fee motion; emails re Richard Drury as a declarant; review Richard's past filings; discussions with Anna re same |
| 5/8/2018 | Stacey Geis | 0.7 | work on settlement letter re atty fees; mtgs w/ Anna re same; finalize letter and send to DOJ |
| 5/8/2018 | Stacey Geis | 0.5 | review and send DOJ fee settlement letter |
| 5/9/2018 | Stacey Geis | 0.2 | review emails re Virginia's hours; send email to DOJ with detailed accounting for Virginia |
| 5/9/2018 | Stacey Geis | 0.4 | amend fee settlement letter to include Virginia's hours; emails re same |
| 5/16/2018 | Stacey Geis | 1.2 | set up call with DOJ; call with DOJ; calls with Anna re stipulation to extend filing deadline for fee motion; review stip |
| 5/16/2018 | Stacey Geis | 0.4 | review declarations for upcoming filing |
| 5/17/2018 | Stacey Geis | 0.3 | emails and calls re declarations and stipulation for fee motion |
| 5/25/2018 | Stacey Geis | 0.3 | emails and calls re proposed briefing schedule for CMC statement |
| 5/29/2018 | Stacey Geis | 0.1 | emails re proposed briefing schedule |
| 6/18/2018 | Stacey Geis | 1.2 | edit declaration and motion for attorneys' fees; call w/ client re his declaration; mtg w/ Anna re declarations |
|  | **TOTAL** | 11.4 |  |

**EXHIBIT F - Costs**

| Date | Transaction Description | Debit |
|---|---|---|
| | | |
| 6/22/2017 | 6/14/17 Northern Dist new case filing fee | 400.00 |
| 6/22/2017 | Ninth Circuit, Ct of Appeals, new case filing fee | 500.00 |
| 7/21/2017 | 7/5/17 Ninth Circuit - Petition for Review | 500.00 |
| | | |
| | | 1,400.00 |
| | | |
| 8/31/2017 | 12 Pacer | 0.70 |
| 11/30/2017 | 12 Pacer | 5.60 |
| | | |
| | | 6.30 |
| | | |
| 6/30/2017 | 12 Postage December 2016 through June 2017 | 1.19 |
| 8/31/2017 | In-House Postage July | 92.85 |
| 8/31/2017 | In-House Postage June | 23.25 |
| 9/30/2017 | To Northern District - Joint CMC Statement | 14.53 |
| 10/31/2017 | Courtesy copy, proposed order granting plaintiff's MSJ | 14.71 |
| 12/31/2017 | 11/10/17 Judge White CAND Oakland MSJ Reply | 14.67 |
| 1/31/2018 | 12/19/17 Hon. Jeffrey White Plaintiffs' Response to Notice | 14.74 |
| | | |
| | | 175.94 |
| | | |
| | Total | 1,582.24 |