JEFFREY H. WOOD
Acting Assistant Attorney General
SIMI BHAT
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
301 Howard St., Ste. 1050
San Francisco, CA 94195
Tel: 202-532-5563
Email: simi.bhat@usdoj.gov

Attorneys for Defendants
UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW WHEELER[1], in his official capacity as Acting Administrator of the U.S. Environmental Protection Agency, et al., <br><br> Defendants. | Case No.  4:17-cv-03434-JSW-LB <br><br> **OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES** <br><br> Hearing date: September 20, 2018 <br> Time: 9:30 a.m. <br> Place: Courtroom C |

---

[1] Acting Administrator Andrew Wheeler is substituted for former Administrator E. Scott Pruitt pursuant to Federal Rule of Civil Procedure 25(d).

| | |
|---|---|
| Opposition to Plaintiffs' Motion for Summary Judgment | Case No. 4:17-cv-3434 |

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ..............................................................................................................................1

BACKGROUND ................................................................................................................................1

STANDARD OF REVIEW .................................................................................................................2

ARGUMENT ......................................................................................................................................2

    I.    Plaintiffs are not entitled to hourly rates above the statutory cap because no special expertise was needed for this litigation......................................................2

    II.    Plaintiffs cannot recover unreasonable fees............................................................7

CONCLUSION .................................................................................................................................11

# TABLE OF AUTHORITIES

**CASES** **PAGE**

Allen v. U.S. Steel Corp.,
    665 F.2d 689 (5th Cir. 1982) ..................................................................................................7

Am. Petrol. Inst. v. EPA,
    72 F.3d 907 (D.C. Cir. 1996) ..................................................................................................2

Ardestani v. I.N.S.,
    502 U.S. 129 (1991)..............................................................................................................2, 7

Ash Grove Cement Co. v. Liberty Mut. Ins. Co.,
    No. 3:09-cv-00239-HZ, 2014 WL 837389 (D. Or. Mar. 3, 2014).......................................9

Chynoweth v. Sullivan,
    920 F.2d 648 (10th Cir. 1990) ................................................................................................4

Comite De Apoyo Los Trabajadores Agricolas v. Solis,
    Civ. Action No. 09-240, 2011 WL 2414555 (E.D. Pa. June 16, 2011) ..............................3

Envtl. Def. Fund, Inc. v. Gorsuch,
    718 F.3d 802 (1983)................................................................................................................3

Envtl. Def. Fund, Inc. v. Reilly,
    1 F.3d 1254 (D.C. Cir. 1993) ..............................................................................................2, 8

Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,
    886 F.2d 1545 (9th Cir. 1989) ..............................................................................................10

Freeman v. Mukasey,
    No. 04-35797, 2008 WL 1960838 (9th Cir. Feb. 26, 2008) ................................................7

Fuddruckers, Inc. v. Doc's B.R. Others, Inc.,
    623 F. Supp. 21 (D. Ariz. 1985),
    rev'd on other grounds, 826 F.2d 837 (9th Cir. 1987) ................................................... 9-10

Hardt v. Reliance Std. Life Ins. Co.,
    560 U.S. 242 (2010).............................................................................................................. 8-9

Hensley v. Eckerhart,
    461 U.S. 424 (1983)..........................................................................................................10, 11

Opposition to Plaintiffs' Motion                          Case No. 4:17-cv-3434
for Attorneys' Fees

ii

Hyatt v. Barnhart,
    315 F.3d 239 (4th Cir. 2002) ............................................................................................... 7

Ibrahim v. Dept. of Homeland,
    No. C 06-00545, 2014 WL 1493561 (N.D. Cal. Apr. 16, 2014),
    *affirmed in part and reversed in part*, 835 F.3d 1048 (9th Cir. Aug. 30, 2016),
    *rehearing en banc granted*, 878 F.3d 703 (9th Cir. Dec. 29, 2017) .................................... 6

In re Sealed Case 00-5116,
    254 F.3d 233 (D.C. Cir. 2001) ........................................................................................ 4, 6

INS v. Jean,
    496 U.S. 154 (1990) ........................................................................................................ 11

Jean v. Nelson,
    863 F.2d 759 (11th Cir. 1988) ........................................................................................... 7

Johnson v. Gonzales,
    416 F.3d 205 (3d Cir. 2005) .............................................................................................. 3

Levernier Construction, Inc. v. United States,
    947 F.2d 497 (Fed. Cir. 1991) ........................................................................................... 7

Love v. Reilly,
    924 F.2d 1492 (9th Cir. 1991) ....................................................................................... 2, 5

Lujan v. Defenders of Wildlife,
    504 U.S. 555 (1992) .......................................................................................................... 6

Lundin v. Meacham,
    980 F.2d 1450 (D.C. Cir. 1992) ........................................................................................ 8

Miller v. Alamo,
    983 F.2d 856 (8th Cir. 1993) ............................................................................................. 7

Missouri v. Jenkins,
    491 U.S. 274 (1989) .......................................................................................................... 7

Molony v. Crook Cty.,
    No. CV 05-1467-MO, 2009 WL 3275354 (D. Or. Oct. 13, 2009),
    *aff'd in part, rev'd in part and remanded by*, 434 F. App'x 716 (9th Cir. 2011) ................ 9

Nadarajah v. Holder,
    569 F.3d 906 (2009) ........................................................................................ 1, 3, 5-6, 8

Natural Res. Def. Council v. Abraham,
    355 F.3d 179 (2nd Cir. 2004)..................................................................................3

Natural Res. Def. Council v. Winter,
    543 F.3d 1152 (9th Cir. 2008) ...........................................................................4, 5, 6

Oklahoma Aerotronics, Inc. v. United States,
    943 F.2d 1344 (D.C. Cir. 1991)..............................................................................10

Pierce v. Underwood,
    487 U.S. 552 (1988)........................................................................................2, 3, 4, 6

Pollinator Stewardship Council v. EPA,
    No. 13-72346, 2017 WL 3096105 (9th Cir. June 27, 2017)................................5

Pub. Interest Res. Group v. Stone,
    156 F.R.D. 568 (D.N.J. 1994).................................................................................10

Raines v. Shalala,
    44 F.3d 1355 (7th Cir. 1995) ...................................................................................4

Role Models Am., Inc. v. Brownlee,
    353 F.3d 962 (D.C. Cir. 2004)................................................................................10

Rueda-Menicucci v. I.N.S.,
    132 F.3d 493 (9th Cir. 1997) ................................................................................4, 5

Sealy, Inc. v. Easy Living, Inc.,
    743 F.2d 1378 (9th Cir. 1984) ..................................................................................2

Smith v. Brady,
    972 F.2d 1095 (9th Cir. 1993) ..................................................................................8

Stewart v. Gates,
    987 F.2d 1450 (9th Cir. 1993) ..................................................................................2

Thangaraja v. Gonzales,
    428 F.3d 870 (9th Cir. 2005) ..........................................................................3, 4, 5

Thomas v. Peterson,
    841 F.2d 332 (9th Cir. 1988) ....................................................................................2

Truckers United for Safety v. Mead,
    329 F.3d 891 (D.C. Cir. 2003)..................................................................................3

U.S. EEOC v. Robert L. Reeves & Assocs.,
   No. CV0010515 DT (RZX), 2002 WL 1151459 (C.D. Cal. May 6, 2002),
   *vacated on other grounds*, 68 F. App'x 830 (9th Cir. June 20, 2003) ................9

United States v. Real Prop. Known as 22249 Dolorosa St.,
   190 F.3d 977 (9th Cir. 1999) ................................................................................5

Walker v. U.S. Dept. of Housing & Urban Dev.,
   99 F.3d 761 (5th Cir. 1996) ..................................................................................9

**STATUTES**

28 U.S.C. § 2412(d) ...........................................................................................................8

28 U.S.C. § 2412(d)(1)(A) .................................................................................................1

28 U.S.C. § 2412(d)(2) .......................................................................................................2

28 U.S.C. § 2412(d)(2)(A) .................................................................................................1

**INTRODUCTION**

In this case, Plaintiffs challenged a federal agency's action delaying the effective date of a regulation, a case that the agency did not defend on the merits. Dispensing with a hearing, the Court issued a short opinion holding that the agency had failed to fulfill the notice and comment requirements of the Administrative Procedures Act. This type of case has been brought against many different agencies for many decades. That the agency in this case was the U.S. Environmental Protection Agency ("EPA") and that the regulation was an environmental regulation does not transform this routine case into an "unusual and complex" matter. *Nadarajah v. Holder*, 569 F.3d 906, 914 (9th Cir. 2009). But Plaintiffs claim that they needed five attorneys with special expertise to litigate this case, and they seek to charge American taxpayers hourly rates for these attorneys often more than $400 to $500 greater than the cap set by Congress. Plaintiffs further claim to have employed these five specialists, plus an additional attorney and a law clerk for an approximate total of 430 hours on this case, purportedly without inefficiency or duplication. As a result, Plaintiffs seek nearly a quarter of a million dollars to pay their attorneys' fees and costs.

Plaintiffs have not met their burden to prove that they are entitled to such an exorbitant amount. Their request for attorneys' fees has been bloated by claims for high hourly rates when no special expertise was needed and by claims for time spent on work outside this litigation and time spent shuffling this case about their many lawyers, which cannot be reimbursed. Plaintiffs cannot reasonably seek any more than $38,873.61 altogether in fees and costs.

**BACKGROUND**

The Equal Access to Justice Acts ("EAJA") authorizes courts to award attorneys' fees "to the prevailing party in any civil action brought by or against the United States or any agency or any official . . . in any court having jurisdiction of such action." 28 U.S.C. § 2412(d)(1)(A). Only "reasonable attorney fees" may be awarded. *Id*. § 2412(d)(2)(A). Specifically, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*. The Ninth Circuit has determined that the statutory cap for

attorneys, adjusted for cost of living, for 2017 is $196.79 per hour. *See* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

## STANDARD OF REVIEW

EAJA is a "partial waiver of sovereign immunity . . . [which] must be strictly construed in favor of the United States." *Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991). As such, "[t]he party seeking fees has the burden of establishing its eligibility." *Love v. Reilly*, 924 F.2d 1492, 1494 (9th Cir. 1991); *see also Thomas v. Peterson*, 841 F.2d 332, 337 (9th Cir. 1988).

If a court determines that a plaintiff is entitled to fees against the United States, the court then has a special obligation to critically assess the reasonableness of fees charged to American taxpayers. *Am. Petrol. Inst. v. EPA*, 72 F.3d 907, 912 (D.C. Cir. 1996); *Envtl. Def. Fund, Inc. v. Reilly*, 1 F.3d 1254, 1260 (D.C. Cir. 1993) ("We regard overbilling the government as a serious transgression, damaging to the public fisc and violative of the trust reposed in each member of the bar."). The court cannot "accept[] uncritically plaintiff's representations concerning the time expended on th[e] case," but must find that "the time actually spent was reasonably necessary." *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984).

## ARGUMENT

### I. Plaintiffs are not entitled to hourly rates above the statutory cap because no special expertise was needed for this litigation

EAJA sets a cap on the hourly rate for attorneys' fees, which is adjusted for cost of living in the Ninth Circuit, and there is a "strong presumption" that no attorneys' fees will be awarded under EAJA at any higher rate. *Stewart v. Gates*, 987 F.2d 1450, 1453 (9th Cir. 1993). Congress provided a narrow exception to the statutory cap: litigants may obtain higher fees if they can meet their burden to prove a "special factor, such as the limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. § 2412(d)(2). The Supreme Court has decided that no case exhibits a "special factor," including the "limited availability of qualified attorneys," merely because the "prevailing market rates for the kind and quality of services" rendered are higher than the statutory cap. *Pierce v. Underwood*, 487 U.S. 552, 572 (1988). Congress intended that even

when prevailing market rates were higher than the statutory cap, American taxpayers would generally be liable for paying only the portion of fees below the statutory cap. *Id*.

Only in exceptional cases, which require lawyers "special[ly]" "qualified," may litigants be awarded hourly rates above the statutory cap. *Id*. To determine whether litigants have proven that their case is "special," justifying above-cap fees, the court looks to whether the lawyers applied "some distinctive knowledge or specialized skill needful for the litigation in question." *Id*. For example, the Ninth Circuit has held that "specialized skill" or "distinctive" technical knowledge was needed in an "unusual and complex case which required a 58-page brief and resulted in a significant 15-page published decision" quickly cited in "more than 70 other case and 20 treatises or articles," but not in a routine case involving a "straightforward application" of the substantial evidence standard. *Compare Nadarajah v. Holder*, 569 F.3d 906, 914 (9th Cir. 2009) *with Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) (quoting *Johnson v. Gonzales*, 416 F.3d 205, 213 (3d Cir. 2005)).

Here, Plaintiffs seek hourly rates far above the statutory cap, but have not met their burden to show that this was an "unusual and complex case" that demanded "specialized skills." This simple case concerned an agency's delay of the effective date of a regulation, which the court decided was unlawful because the agency failed to follow appropriate notice and comment procedures under the Administrative Procedures Act ("APA"). This type of case has been litigated for more than thirty years. *See Envtl. Def. Fund, Inc. v. Gorsuch*, 713 F.3d 802, 817 (D.C. Cir. 1983); *Nat. Res. Def. Council v. Abraham*, 355 F.3d 179, 206 (2nd Cir. 2004); *Comite De Apoyo Los Trabajadores Agricolas v. Solis*, Civ. Action No. 09-240, 2011 WL 2414555 (E.D. Pa. June 16, 2011). Following this well-worn path requires no special expertise. The APA is fundamental to most challenges to federal agency actions, and, inasmuch as the EAJA applies only to challenges to federal agency actions, it is unreasonable to think that Congress would have considered familiarity with the APA to be a "special factor" that would compel taxpayers to pay for fees above the statutory cap. *See Truckers United for Safety v. Mead*, 329 F.3d 891, 895 (D.C. Cir. 2003) ("nothing in EAJA or its legislative history indicates that Congress intended to entitle all lawyers practicing

Opposition to Plaintiffs' Motion                               Case No. 4:17-cv-3434
for Attorneys' Fees

administrative law in technical fields to a fee enhancement") (internal quotation marks omitted); *Rueda-Menicucci v. INS*, 132 F.3d 493, 496 (9th Cir. 1997) (denying enhanced fees in challenge to Board of Immigration Appeals' decision because "counsel's specialized skill was not 'needful for the litigation in question'") (quoting *Pierce*, 487 U.S. at 572). Because the skills needed for this litigation were of a "broad and general application," no fees in excess of the statutory cap can be awarded. *Pierce*, 487 U.S. at 573.

Plaintiffs counter that this case required "specialized skill regarding the intersection of environmental and administrative law, including statutes regarding pesticide use and agency rulemaking procedures under [the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA")] and the APA." Pls. Mot. for Atty. Fees, Dkt. No. 48 at 9. But not all administrative or environmental law cases justify above-cap fees. "[S]traightforward" cases applying environmental law do not justify above-cap fees any more than "straightforward" cases of immigration law. *Nat. Res. Def. Council v. Winter*, 543 F.3d 1152, 1161 (9th Cir. 2008) (cases involving "a straightforward application of the APA and the NEPA" would not justify above-cap fees) (citing *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) (refusing to award above-cap fees in case involving "straightforward application" of immigration law)). This case primarily involved generally applicable procedural violations of notice and comment requirements. While Plaintiffs also claimed a violation of FIFRA rulemaking procedures in their Complaint and cited FIFRA's catch-all judicial review provision, this did not vault this case into the realm of the "unusual or complex."

On the contrary, Plaintiffs' case was not "beyond the grasp of a competent practicing attorney with access to a law library and the other accoutrements of modern legal practice." *In re Sealed Case 00-5116*, 254 F.3d 233, 236 (D.C. Cir. 2001) (citation omitted); *see also Raines v. Shalala*, 44 F.3d 1355, 1361 (7th Cir. 1995) ((quoting *Chynoweth v. Sullivan*, 920 F.2d 648, 650 (10th Cir. 1990) ("[T]he appropriate inquiry is whether the individual case presents such an 'unusual' situation that it requires someone of 'specialized training and expertise unattainable by a competent attorney through a diligent study of the governing legal principles.'"). By Plaintiffs' own

description, cases challenging delays of effective dates of environmental regulations are routine. Pls. Mot. For Atty. Fees, Dkt. No. 48 at 6. And a routine case invoking environmental law is not a "special" case allowing above-cap fees any more than a routine case invoking immigration or civil forfeiture laws. *See United States v. Real Prop. Known as 22249 Dolorosa St.*, 190 F.3d 977, 984 (9th Cir. 1999) ("Even assuming that expertise in defending civil forfeiture actions qualifies as a practice specialty requiring distinctive knowledge and skills . . . [t]his was a routine civil forfeiture case, not needing specialized skills . . . ."); *Rueda-Menicucci v. INS*, 132 F.3d 493, 496 (9th Cir. 1997) ("While we believe a speciality in immigration law could be a special factor warranting an enhancement of the statutory rate, . . . counsel's specialized skill was not 'needful for the litigation in question'" (internal citations omitted)); *compare Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991) (holding that district court did not abuse its discretion by concluding that an attorney applied specialized expertise "necessary to assemble a complicated insecticide case in the short period dictated by the need for a preliminary injunction"). Here, Plaintiffs' lawyers did not have to delve into the "esoteric nooks and crannies" of the biology of particular insects, nor did the court have to dedicate several pages of its opinion to describing a complicated environmental statutory framework. *Nadarajah v. Holder*, 569 F.3d 906, 913 (9th Cir. 2009); *Pollinator Stewardship Council v. EPA*, No. 13-72346, 2017 WL 3096105 (9th Cir. June 27, 2017) (Appellate Commissioner). To the extent Plaintiffs needed to discuss environmental consequences at all, they did so only to allege that EPA had not provided any reasoning concerning the environmental consequences of delaying the effective date. Compl. ¶ 78. Reading an administrative notice and arguing that the reasoning is incomplete is much like reading a Board of Immigration Appeals decision and arguing that it does not meet the substantial evidence standard, a task which the Ninth Circuit decided does not require "specialized skills." *Thangaraja*, 428 F.3d at 876 (9th Cir. 2005). And while EPA did issue multiple administrative notices, tracking those notices and any attendant comment periods also does not require special expertise. Courts expect "*all* attorneys to be experts of their own cases," including the facts, however numerous. *Winter*, 543 F.3d at 1159-60.

Even if "specialized skills" were required for this case, which they were not, Plaintiffs are

Opposition to Plaintiffs' Motion for Attorneys' Fees

Case No. 4:17-cv-3434

5

still not entitled to above-cap fees because they have not shown that adequate legal representation was unavailable at the statutory rate. *Nadarajah*, 569 F.3d at 915. Although Plaintiffs' declarations contain formulaic recitations that no attorneys for this case were available at the statutory rate, these statements are inadequate because there is no indication that Plaintiffs ever inquired whether other attorneys were available, much less inquired about comparative rates for their services.

Even assuming that this case could only have been litigated by attorneys with "specialized" knowledge of environmental law, and that those attorneys could only be retained if they were assured compensation at above-cap hourly rates, Plaintiffs have not shown that this case required the "specialized skills" of five attorneys, aided by another general attorney and a law clerk. In fact, only one of the six attorneys on this case claimed hours for work on environmental law topics. Geis Decl., Ex. B, Dkt. No. 48-1 p. 15-16 (Geis entries on "FIFRA research"). Such research, was, again, not "beyond the grasp of a competent practicing attorney with access to a law library." *In re Sealed Case 00-5116*, 254 F.3d at 236. But even if the court determines that issues of environmental law in this case required a specialist, Plaintiffs' own records show that only one attorney was necessary to address these issues. The four other attorneys for whom Plaintiffs claim above-cap hours worked on demonstrating standing and reviewing filings. *See* Geis Decl., Ex. B, Dkt. No. 48-1 (entries by Andiman, Gartner, Ruiz, Garcia). The skills required to establish standing and review filings are "of a broad and general application," and, as such, do not justify to above-cap fees. *Pierce*, 487 U.S. at 573. Standing is a requirement in every single case, and counsel do not receive above-cap fees for proving standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992); *Ibrahim v. Dept. of Homeland Sec'y*, No. C 06-00545, 2014 WL 1493561 at *2, *14, *17 (N.D. Cal. Apr. 16, 2014), (denying enhanced fees to counsel involved in proving standing of non-immigrant alien who voluntarily left the United States), *affirmed in part and reversed in part*, 835 F.3d 1048, 1057 (9th Cir. 2016) (petitioners argued that because the government acted in bad faith in the merits phase, the district court erred in failing to award market rate fees, and the Ninth Circuit rejected that argument), *rehearing en banc granted*, 878 F.3d 703 (9th Cir. 2017). Nor do counsel receive above-cap fees for reviewing their colleagues' work, even when their colleagues are specialists. *Winter*,

Opposition to Plaintiffs' Motion for Attorneys' Fees

Case No. 4:17-cv-3434

543 F.3d at 1160 (denying enhanced fees to counsel who worked with specialists). Thus, Plaintiffs cannot be awarded above-cap statutory rates for the other four attorneys. Plaintiffs may argue that the four attorneys had specialized expertise, but the question is not whether, in another case, these four attorneys could be called upon to provide specialized expertise, but whether any specialized skill those attorneys may have was required in this case. It was not, and Plaintiffs cannot receive above-cap fees for these attorneys' hours.

As to the fifth attorney, Plaintiffs seek the highest possible rate cost-of-living adjusted for a generalist attorney, $196.79 per hour, even though this attorney worked exclusively on cite-checking, a task commonly performed by paralegals. *See* Geis Decl., Ex. B, Dkt. No. 48-1 (entries by Logan). They also seek $189 per hour for work conducted by a law clerk. *See* Geis Decl., Ex. A, Dkt. No. 48-1 (rate for "Law Clerk"). Courts have decided that paralegal and law clerks rates can be the same, but law clerks "may not be awarded at the requested statutory maximum hourly rate applicable to attorneys," and "[n]o cost-of-living increase is applied" to fees for law clerks. *See Freeman v. Mukasey*, No. 04-35797, 2008 WL 1960838, at *7 (9th Cir. Feb. 26, 2008) (citing *Missouri v. Jenkins*, 491 U.S. 274, 284-89 (1989); *Hyatt v. Barnhart*, 315 F.3d 239, 255 (4th Cir. 2002); *Miller v. Alamo*, 983 F.2d 856, 862 (8th Cir. 1993); *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988); *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982); *Levernier Constr., Inc. v. United States*, 947 F.2d 497, 503 (Fed. Cir. 1991)). Courts have also decided $110 per hour is a reasonable fee for law clerk and paralegal work. *See id.* and cases cited therein. Thus, the law clerk and the attorney performing paralegal work should receive no more than $110 per hour.

**II.     Plaintiffs cannot recover unreasonable fees.**

Plaintiffs seek fees for work outside this civil action and for duplicative and unnecessary work in this civil action. These costs are plainly not allowed under EAJA. Even if Plaintiffs could make some argument to the contrary, EAJA's waiver of sovereign immunity must be read narrowly, and any ambiguity must be "must be strictly construed in favor of the United States." *Ardestani v. INS*, 502 U.S. 129, 137 (1991). EPA has highlighted the fee entries that must be excluded from the final award in the attached Exhibit 1.

Plaintiffs seek fees in this Court for working on Ninth Circuit petitions, but Plaintiffs have not and cannot cite any law supporting their claim that the district court can award fees for separate cases in other courts. EAJA limits the award of attorneys' fees to "in any court having jurisdiction of that action," 28 U.S.C. § 2412(d)(1)(A). As the D.C. Circuit summarized, EAJA "expressly forbids the award of fees in actions over which the court lacks jurisdiction." *Lundin v. Meacham*, 980 F.2d 1450, 1461, 1463 (D.C. Cir. 1992) (denying fees for related cases because the district court "did not have jurisdiction over the related cases" in which litigants attempted to seek fees, and therefore rightly excluded "fees incurred in the related cases"). Because this Court had no jurisdiction over the Ninth Circuit petitions, this Court has "no authority to award attorney's fees." *Smith v. Brady*, 972 F.2d 1095, 1097 (9th Cir. 1992) (internal citation and quotation marks omitted). Moreover, because the Ninth Circuit concluded that it lacked jurisdiction over the petitions, *Pineros y Campesinos Unidos del Noroeste v. EPA*, Case Nos. 17-71467, 17-71950, Order, Dkt. No. 13 (9th Cir. Nov. 15, 2017) (dismissing petitions for lack of jurisdiction), plaintiffs were not "prevailing parties" in those proceedings in any event.

Plaintiffs also cannot recover for time spent submitting comment letters to EPA. Although EAJA allows for attorneys' fees in a "civil action," 28 U.S.C. § 2412(d), the statute does not authorize fees for work on administrative proceedings before the commencement of litigation. *Nadarajah*, 569 F.3d 906 ("prelitigation administrative proceedings" are not compensable under EAJA). Plaintiffs do not argue otherwise or cite any authority permitting a fee award in similar circumstances.

Plaintiffs' efforts to solicit clients, secure case approval and manage internal personnel matters are also not compensable. *Envtl. Def. Fund, Inc. v. Reilly*, 1 F.3d 1254, 1260 (D.C. Cir. 1993) (refusing to award attorneys' fees for time spent deciding whether to take case or securing case approval). No reasonable private client would tolerate such overbilling, and the taxpayers of the United States should not have to pay for these costs either.

Nor would a private client be expected to pay for the procedural matters for which Plaintiffs seek compensation. Rearranging deadlines may benefit attorneys, but it does not affect the merits of

the case, and attorneys' fees are not reasonably awarded for these procedural matters. *See Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242, 255 (2010) (a "purely procedural victory" is not "success on the merits" justifying attorneys' fees) (internal quotations and citation omitted).

      Plaintiffs have also failed to exercise good billing judgment by seeking fees for multiple attorneys attending conference calls. To give just two examples of the many instances of such overbilling, attorney Garcia claimed time for attending a conference call with attorneys Geis, Gartner and Ruiz on June 21, 2017, and the law clerk claimed time for attending a conference call with attorneys Geis, Gartner, and Ruiz on November 6, 2017. Geis Decl., Ex. B, Doc. 48-1 at pp. 21-22. This duplicative billing is impermissible. "[G]ood billing judgment mandates that only one attorney should bill [any] conference [call]" attended by multiple attorneys to client. *Ash Grove Cement Co. v. Liberty Mut. Ins. Co.*, No. 3:09-cv-00239-HZ, 2014 WL 837389, at *5 (D. Or. Mar. 3, 2014) (citation omitted); *see also U.S. EEOC v. Robert L. Reeves & Assocs.*, No. CV0010515 DT (RZX), 2002 WL 1151459 at *14 (C.D. Cal. May 6, 2002), *vacated on other grounds*, 68 F. App'x 830 (9th Cir. June 20, 2003) (time spent conferring between attorneys that is billed by both is duplicative and is recoverable only once at the higher attorney rate); *see also Molony v. Crook Cty.*, No. CV 05-1467-MO, 2009 WL 3275354, at *4 (D. Or. Oct. 13, 2009), *aff'd in part, rev'd in part and remanded by*, 434 F. App'x 716 (9th Cir. 2011) ("[W]hen nine lawyers play some role in litigation, nobody is getting nine times the amount of work that would be done by one lawyer."). In keeping with this rule, in Exhibit 1, EPA did not highlight for deletion conference call entries made by the lead attorney, and in conference calls concerning a standing declaration without the lead attorney, EPA did not highlight for deletion entries made by the attorney authoring the standing declaration. All other time claimed on conference calls should have been deleted by Plaintiffs, and EPA has highlighted those entries for deletion.

      Because Plaintiffs' attorneys decided to staff this simple case with six attorneys and a law clerk, some duplication is expected. *See Walker v. U.S. Dept. of Housing & Urban Dev.*, 99 F.3d 761, 768 (5th Cir. 1996) ("If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized." (citation omitted));

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 623 F. Supp. 21, 24 (D. Ariz. 1985), *rev'd on other grounds*, 826 F.2d 837 (9th Cir. 1987) ("The attorneys seeking an award of attorney's fees have the burden of establishing that duplication of effort had not occurred."). This case could have been handled by one attorney composing the complaint and briefs and standing declarations, and perhaps a second attorney reviewing the filings. Instead, Plaintiffs' attorneys enlisted four other attorneys and a law clerk to aid on various tasks. Plaintiffs' attorneys have the prerogative to manage and train their staff and law clerks, but they cannot seek taxpayer money for doing so. In Exhibit 1, EPA has highlighted for deletion entries on tasks that would not have been performed had Plaintiffs' attorneys staffed this case with one lead attorney and one reviewer.

Plaintiffs also have not fully borne their "burden of showing the time spent [was] reasonably necessary to the successful prosecution of their [case]." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 886 F.2d 1545, 1557 (9th Cir. 1989); *see also Hensley v. Eckerhart*, 461 U.S. at 433-34; *Okla. Aerotronics, Inc. v. United States*, 943 F.2d 1344, 1347 (D.C. Cir. 1991) ("there is a point at which thorough and diligent litigation [becomes] overkill"). Plaintiffs seek fees for research on matters that were never litigated in this case (*see* Geis Decl., Ex. B, Doc. 48-1 at p. 18 (July 24 entry on irreparable harm)). They also seek fees for multiple days spent by multiple attorneys on "research" or "work" for briefs without further description (*see id.* at p. 14 (November 7 and 8 entries for "research"; p. 19 (September 28-October 4 entries on "work")). The multiplicity of entries with the same vague descriptions do not provide the court "with a high degree of certainty that such hours were actually and reasonably expended." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004) (citation omitted); *see also Public Interest Research Group of New Jersey v. Stone*, 156 F.R.D. 568, 573 (D.N.J. 1994) (citation omitted) (The American taxpayer "should not have to pay for the plaintiffs' unbridled and unlimited capacity to churn work and fees."). Plaintiffs also sometimes claim a high number of billable hours for a single person in a single day, without further subdivision (Geis Decl., Ex. B, Doc. 48-1 at p. 22 (entries for 7 and 7.5 billable hours by a law clerk per day)). In Exhibit 1, EPA has highlighted for deletion entries claiming time unreasonably spent on this litigation.

Finally, to the extent that Plaintiffs failed to show their entitlement to fees on the merits phase of the case, their request for fees on fees must be reduced proportionally. *INS v. Jean*, 496 U.S. 154, 163 n.10 (1990) ("fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation") (citing *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983) (holding that "the hours spent on . . . unsuccessful [matters] should be excluded in considering the amount of a reasonable fee").

## CONCLUSION

Plaintiffs' hourly rates should be reduced to the statutory cap for attorney work and to $110/hour for paralegal and law clerk work. Plaintiffs' request for fees should be denied to the extent those fees are for work on Ninth Circuit petitions, comments to EPA, case approval and manage internal personnel, purely procedural matters, conference calls as described above, duplicative and unnecessary work. *See* Exhibit 2, Summary of Reasonable Fees and Costs (allowing $38,016.78 in merits fees). Additionally, Plaintiffs' request for fees on fees should be reduced proportionally to their success on merits' fees, for a total of $1,712.07 in fees on fees. *Id*. Plaintiffs' request for costs on the Ninth Circuit petitions should also be denied, leaving $582.24 in other costs. *Id*.

In sum, Plaintiffs should not be awarded total fees and costs any higher than $40,311.09. *Id*.

Respectfully submitted this 20th day of July, 2017.


JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

/s/Simi Bhat
SIMI BHAT
Trial Attorney
United States Department of Justice

Of Counsel:

Opposition to Plaintiffs' Motion                                   Case No. 4:17-cv-3434
for Attorneys' Fees

SCOTT GARRISON
Office of General Counsel
U.S. Environmental Protection Agency

Attorneys for Defendants

Opposition to Plaintiffs' Motion　　　　　　　　　　　　Case No. 4:17-cv-3434
for Attorneys' Fees

12