STACEY P. GEIS, CA Bar No. 181444
Earthjustice
50 California Street, Suite 500
San Francisco, CA 94111
T: 415.217.2000 • F: 415.217.2040
E: sgeis@earthjustice.org

EVE C. GARTNER*, NY Registration No. 2332609
Earthjustice
48 Wall St., 19th Floor
New York, NY 10005
T: (212) 845-7381• F: (212) 918-1556
E: egartner@earthjustice.org
* Admitted *pro hac vice*

VIRGINIA RUIZ, CA Bar No. 194986
Farmworker Justice
1126 16th Street, N.W., Suite 270
Washington, D.C. 20036
T: 202.293.5420 • F: 202.293.5427
E: vruiz@farmworkerjustice.org

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

PINEROS Y CAMPESINOS UNIDOS DEL
NOROESTE, UNITED FARM WORKERS,
FARMWORKER ASSOCIATION OF FLORIDA,
CALIFORNIA RURAL LEGAL ASSISTANCE
FOUNDATION, and PESTICIDE ACTION
NETWORK NORTH AMERICA,

    Plaintiffs,

  v.

E. SCOTT PRUITT, in his official capacity as
Administrator of the U.S. Environmental Protection
Agency; and U.S. ENVIRONMENTAL
PROTECTION AGENCY,

    Defendants.

Case No: 4:17-cv-03434 JSW

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND
COSTS**

Hearing: September 20, 2018
Time: 9:30 a.m.
Location: Courtroom C

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................1

ARGUMENT ......................................................................................................................1

I.      PLAINTIFFS' COUNSEL'S EXPERTISE WAS NEEDED FOR THIS
        LITIGATION AND QUALIFIED COUNSEL WAS NOT AVAILABLE AT THE
        STATUTORY RATE. .............................................................................................2

        A.      Plaintiffs' Counsel's Expertise Was Needed for this Litigation. ...........................3

        B.      Adequate Counsel Was Not Available at the Statutory Rate. ..............................5

        C.      The Rates Charged for Law Clerk and Cite Checking Work Are Reasonable. .......6

II.     EXCEPT AS NOTED, ALL OF THE HOURS FOR WHICH FEES WERE
        CLAIMED IN PLAINTIFFS' MOTION WERE REASONABLY EXPENDED. ...........7

        A.      Counsel's Ninth Circuit Petition Work is Compensable. ....................................8

        B.      Counsel's Administrative Work is Compensable. ..............................................9

        C.      Counsel's Time Spent Soliciting Clients, Approval to Bring Litigation, and
                Personnel Management is Compensable. ........................................................10

        D.      Counsel's Calls or Meetings with Multiple Attorneys are Compensable. ............11

        E.      Counsel's Time Expended on Procedural Matters is Compensable. ....................12

        F.      Plaintiffs are Not Claiming Duplicative or Unnecessary Time. ..........................12

III.    NO REDUCTION IS WARRANTED FOR PLAINTIFFS' FEES TO PREPARE
        THEIR FEE MOTION. .........................................................................................14

CONCLUSION ................................................................................................................14

i

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Bodner v. Sullivan*,
  804 F. Supp. 23 (N.D. Cal. 1992) .................................................................12

*Citizens for Better Forestry v. U.S. Dep't of Agric.*,
  No. 08-01927 CW, 2010 WL 3222183 (N.D. Cal. Aug. 13, 2010)..........................................4, 11

*Ctr. for Food Safety v. Vilsack*,
  No. C-08-00484 JSW EDL, 2011 WL 6259891 (N.D. Cal. Oct. 13, 2011) ......................... *passim*

*Democratic Party of Wash. State v. Reed*,
  388 F.3d 1281 (9th Cir. 2004) ...................................................................11

*Freeman v. Mukasey*,
  No. 04-35797, 2008 WL 1960838 (9th Cir. Feb. 26, 2008) .........................................6

*Gates v. Rowland*,
  39 F.3d 1439 (9th Cir. 1994) ......................................................................7

*Geertson Seed Farms v. Johanns*,
  No. C 06-01075 CRB, 2011 WL 5403291 (N.D. Cal. Nov. 8, 2011).........................................7, 12

*Hardt v. Reliance Standard Life Ins. Co.*,
  560 U.S. 242 (2010) ................................................................................12

*Hayes v. MagnaChip Semiconductor Corp.*,
  No. 14-CV-01160-JST, 2016 WL 6902856 (N.D. Cal. Nov. 21, 2016)..........................................6

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983).................................................................................7, 8

*Petition of Hill*,
  775 F.2d 1037 (9th Cir. 1985) .......................................................................1

*Jackson v. City of Pittsburg*,
  No. C 09-01016 WHA, 2013 WL 3187326 (N.D. Cal. June 21, 2013)..........................................7

*Kimzey v. Comm'r of Soc. Sec.*,
  No. 1:09-CV-01808 JLT, 2011 WL 5101941 (E.D. Cal. Oct. 25, 2011) ......................................12

*League of Wilderness Defs./Blue Mountains Biodiversity Project v. Turner*,
  305 F. Supp. 3d 1156 (D. Or. 2018) .............................................................10, 13

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*League of Wilderness Defs./Blue Mountains Biodiversity Project v. U.S. Forest Serv.,*
No. 3:10-CV-01397-SI,
2014 WL 3546858 (D. Or. July 15, 2014) ...................................................................10

*Love v. Reilly*,
924 F.2d 1492 (9th Cir. 1991) ..................................................................2, 3, 4

*Lucas v. White*,
63 F. Supp. 2d 1046 (N.D. Cal. 1999) ................................................... *passim*

*Lundin v. Mecham*,
980 F.2d 1450 (D.C. Cir. 1992) ...........................................................................8

*Moreno v. City of Sacramento*,
534 F.3d 1106 (9th Cir. 2008) ..................................................................7, 12, 13

*Nadarajah v. Holder*,
569 F.3d 906 (9th Cir. 2009) ...............................................................................2

*Natural Res. Def. Council v. Winter*,
543 F.3d 1152 (9th Cir. 2008) ......................................................................3, 4, 5

*Pollinator Stewardship Council v. U.S. Envtl. Prot. Agency*,
No. 13-72346, 2017 WL 3096105 (9th Cir. June 27, 2017) ...........................4, 9

*Quade ex rel. Quade v. Barnhart*,
570 F. Supp. 2d 1164 (D. Ariz. 2008) ..............................................................12

*Smith v. Brady*,
972 F.2d 1095 (9th Cir. 1992) ...............................................................................8

*Stewart v. Gates*,
987 F.2d 1450 (9th Cir. 1993) ...............................................................................3

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
896 F.2d 403 (9th Cir. 1990) .................................................................................6

**Statutes**

7 U.S.C. § 136n .........................................................................................................5

7 U.S.C. § 136n(b) ....................................................................................................9

28 U.S.C. § 2412(d)(1)(A) ........................................................................................1

Equal Access to Justice Act, 28 U.S.C. § 2412 ................................... *passim*

Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136 *et seq.* ........... *passim*

**Federal Register Notices**

82 Fed. Reg. 952 (Jan. 4, 2017) ...................................................................................1, 3, 4, 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Plaintiffs are entitled to attorneys' fees and costs as a result of their successful litigation in this case pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Federal Defendants do not contest this fact.  They only contest the amount of fees due.

Plaintiffs filed this lawsuit in response to Federal Defendants' repeated, unlawful attempts to delay the Certification of Pesticide Applicators Rule, 82 Fed. Reg. 952 (Jan. 4, 2017) ("CPA Rule"), a rule that ensures that those who handle and apply the most dangerous pesticides on the market are properly trained and certified and thus know how, when, and where to apply these pesticides.  Had Plaintiffs not filed this suit and had EPA's unlawful delays been allowed to stand, countless Americans, including farmworkers and their families, would have been at increased risk of harmful exposure to these extremely dangerous pesticides.  This is the exact kind of case that EAJA was designed to promote.  *See Petition of Hill*, 775 F.2d 1037, 1040 (9th Cir. 1985) (the dual purposes of EAJA are "to remove the financial disincentive for individuals and small businesses challenging or defending against government regulatory conduct where the cost of attorneys may be prohibitive, and to encourage challenges to improper government action as a means of helping to formulate better public policy").  Federal Defendants argue that despite the clear merits of Plaintiffs' case (indeed, Federal Defendants' counsel did not even challenge the merits of this action), Plaintiffs are entitled to approximately sixteen percent of the fees they have requested.  Sixteen percent.  Not only is this wholly unreasonable, it is not supported by either the law or the facts.  In fact, a majority of the cases Federal Defendants cite in support of their proposed reductions actually support Plaintiffs' position.  In the end, Plaintiffs are entitled to attorneys' fees and costs of $236,363.47.  While it is unfortunate that American taxpayers have to shoulder the financial burden of this litigation, it is only Federal Defendants who are to blame for blatantly and repeatedly delaying the Rule five times, all in violation of law.

**ARGUMENT**

EAJA requires the Court to award a prevailing party fees and other expenses in a civil action brought against the United States unless the position of the United States was substantially justified or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  While EAJA

establishes an attorney fee recovery rate of $125 per hour that is adjusted to account for cost-of-living increases,[1] a court may award a party market rates that exceed the base EAJA statutory rate if there exists "a special factor, such as the limited availability of qualified attorneys for the proceedings involved." *Id.* § 2412(d)(2)(A).  The Ninth Circuit has held that enhanced hourly rates are appropriate under EAJA "where the attorneys possess distinctive knowledge and specialized skill that was needful to the litigation in question and not available elsewhere at the statutory rate." *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009); *see also Ctr. for Food Safety v. Vilsack*, No. C-08-00484 JSW EDL, 2011 WL 6259891, at *11 (N.D. Cal. Oct. 13, 2011) (finding enhanced hourly rates based on specialized skills appropriate for Earthjustice attorneys).  In determining whether an enhanced rate is warranted, the court must apply a three part test: "First, the attorney must possess distinctive knowledge and skills developed through a practice specialty. Secondly, those distinctive skills must be needed in the litigation. Lastly, those skills must not be available elsewhere at the statutory rate." *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991).

Federal Defendants do not dispute that Plaintiffs' counsel possess distinctive knowledge and specialized skill.  What they dispute is (1) whether distinctive knowledge and specialized skill was needed for the litigation; (2) whether Plaintiffs have shown that adequate representation was not available at the statutory rate; and (3) whether certain hours of attorney and law clerk time were reasonably expended on the litigation.  All of Federal Defendants' arguments fail.

## I.   Plaintiffs' Counsel's Expertise Was Needed for this Litigation and Qualified Counsel Was Not Available at the Statutory Rate.

Federal Defendants do not dispute that Plaintiffs' attorneys possess distinctive knowledge and specialized skill, but rather they argue that such knowledge and skill was not needed for this litigation and that Plaintiffs' have not demonstrated that they could not find adequate legal representation at the statutory rate.  Neither is true.

---

[1] The Ninth Circuit has established that cost of living adjusted EAJA rate for attorneys in the Ninth Circuit is $196.79 for work performed in 2017 and $200.78 for work performed in the first half of 2018. *See Statutory Maximum Rates Under the Equal Access to Justice Act*, U.S. Courts for the Ninth Circuit, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited August 21, 2018).  The 2018 rate was posted since the filing of Plaintiffs' opening fees brief.

1

### A.      Plaintiffs' Counsel's Expertise Was Needed for this Litigation.

2       When plaintiffs' counsel has specialized knowledge that is "needful to the litigation," a court

3  may award enhanced fees above the statutory EAJA rate.[2]  *Natural Res. Def. Council v. Winter*, 543

4  F.3d 1152, 1161 (9th Cir. 2008) (citing *Love*, 924 F.2d at 1496).  While the Ninth Circuit has

5  suggested that specialized knowledge may not be needful in cases involving a "straightforward

6  application of the APA and NEPA," this case required much more than that. *Id*. This case required,

7  among other things, specialized knowledge of the Federal Insecticide, Fungicide, and Rodenticide

8  Act ("FIFRA"), 7 U.S.C. § 136 *et seq.*; restricted use pesticides ("RUPs"); the uses and dangers of

9  RUPs; the regulatory mechanisms by which EPA promulgates FIFRA rules, including for RUPs; and

10  the specific procedural requirements for rulemaking under FIFRA.  It also helped that Plaintiffs'

11  counsel understood the years of rulemaking behind amendments to the CPA Rule; its import to

12  public health and safety; and how the Rule specifically helped Plaintiffs.

13       The Ninth Circuit has approved enhanced fee awards where similar levels of specialized

14  knowledge were required.  Specifically, it has awarded enhanced fees in cases involving the

15  application of other environmental statutes, including FIFRA.  *See, e.g.*, *Love*, 924 F.2d at 1496

16  (finding enhanced fees appropriate based on attorney's experience with pesticides litigation after

17  plaintiffs obtained a preliminary injunction under FIFRA partially staying an EPA order to suspend

18  the use of a certain pesticide); *see also Ctr. for Food Safety*, 2011 WL 6259891, at *16 (awarding

19  enhanced fees in a case presenting challenges under the APA, NEPA, and the Plant Protection Act

20  where "counsel's knowledge of environmental law in general, and genetically-engineered crops in

21  particular, was necessary to appropriately craft the complaint in this case and litigate the case

22  successfully through the remedy phase").  Additionally, it has found enhanced fees appropriate in

23

24  ───────────────
[2] Federal Defendants cite *Stewart v. Gates*, 987 F.2d 1450 (9th Cir. 1993) to claim "there is a 'strong
presumption' that no fees will be awarded under EAJA at any higher rate [than the statutory

25  amount]." Fed. Defs.' Opp. at 2 (Dkt. 51).  However, *Stewart* is not an EAJA case and it is thus
improper to tie this standard to EAJA.  Further, to the extent the case is at all applicable, it supports

26  Plaintiffs' position.  *Stewart* explains that there is a strong presumption that a fee calculated by
multiplying the hours reasonably expended by the reasonable hourly rate, which "*must be

27  determined by reference to the prevailing market rates*" is reasonable and not subject to further
enhancement.  *Stewart*, 987 F.2d at 1452–53 (emphasis added).  That is precisely what Plaintiffs are

28  requesting here—a fee calculated by multiplying the hours reasonably expended by the prevailing
market rates.

cases where scientific knowledge is needed to understand underlying facts presented by a case.  *See, e.g., Love*, 924 F.2d at 1496 (awarding enhanced fees in part based on attorney's familiarity with areas of expert witness testimony relevant to a pesticide case); *Winter*, 543 F.3d at 1161 ("[C]ounsel's knowledge of the Navy's exercises in [the Rim of the Pacific] and the effect of sonar on marine mammals was necessary" to bring this case which alleged violations of the APA, NEPA, and the Marine Mammal Protection Act); *Pollinator Stewardship Council v. U.S. Envtl. Prot. Agency*, No. 13-72346, 2017 WL 3096105, at *4 (9th Cir. June 27, 2017) (counsel's knowledge of bee biology was required for the litigation).  Finally, specialized knowledge may be needed for the litigation to understand the impacts of an agency's rule amendment.  *Citizens for Better Forestry v. U.S. Dep't of Agric.*, No. 08-01927 CW, 2010 WL 3222183, at *4 (N.D. Cal. Aug. 13, 2010) (awarding enhanced fees after plaintiffs prevailed in challenges to a forest plan development rule under NEPA and the Endangered Species Act).   Particularly applicable here, in *Citizens for Better Forestry*, the court found enhanced fees were warranted for plaintiffs' NEPA claim, explaining that, "[Plaintiffs'] challenge to the 2008 Rule required an understanding of the agency's prior attempts to revise the plan development rule, the potential environmental effects that would arise from the USDA's revisions, the management of the National Forest System and the congressional intent underlying the NFMA [National Forest Management Act]."  *Id.*

　　In order to prepare the complaint in this case, Plaintiffs' counsel needed more than basic knowledge of APA rulemaking procedures.  Plaintiffs' counsel needed to have specialized knowledge not only in understanding the substantive and legal issues surrounding updates to the CPA Rule pursuant to FIFRA, but specialized knowledge was also needed to understand FIFRA's specific procedural requirements to rulemaking, such as mandatory review by a science advisory board, many of which were violated here.[3]  *See* Compl. (Dkt. 1) ¶¶ 27–28, 36–71, 82–86.  They also needed specialized knowledge of FIFRA, RUPs, the dangers of RUPs, and the amendments to and

---

[3] The fact that the Court did not rule on Plaintiffs' FIFRA cause of action does not change the fact that this specialized knowledge was needed for the litigation.  In *Center for Food Safety v. Vilsack*, the court rejected defendants' argument that plaintiffs should not be awarded fees for work on their Plant Protection Act ("PPA") claim because the court "did not conclude that the PPA claim lacked merit, but instead found it unnecessary to reach the PPA claim because [it] had already held that Defendants violated NEPA."  2011 WL 6259891, at *5.

benefits of the updated CPA Rule.  *See id.* ¶¶ 27–39, 48; *see also Winter*, 543 F.3d at 1161

(discussing that specialized knowledge may be needed to "adequately craft the complaint").

Plaintiffs' counsel also needed specialized knowledge of FIFRA to know that FIFRA has unique

jurisdictional requirements with specific and short deadlines depending on whether you need to file

in district court or the Court of Appeals.  *See* 7 U.S.C. § 136n.  Lastly, in order to demonstrate

standing, the only issue on which Federal Defendants focused, Plaintiffs' counsel needed specialized

knowledge of the uses and dangers of RUPs to effectively explain how Plaintiffs and their members

would suffer imminent, concrete injuries from the Rule's delay.  *See, e.g.*, Pls.' Mot. for Summ. J.

(Dkt. 33) at 20–21.

Accordingly, Plaintiffs' counsel's specialized knowledge was needful to this litigation.  This

case was not one that concerned merely a straightforward application of the APA, but rather one that

required specialized and distinctive knowledge of law and facts related to pesticide regulation.

### B.    Adequate Counsel Was Not Available at the Statutory Rate.

Federal Defendants contend that Plaintiffs have not met their burden to demonstrate that

adequate legal representation was not available at the statutory rate.  Plaintiffs may satisfy their

burden, however, through declarations of their own counsel and a local attorney, which Plaintiffs

have done here.  *See, e.g.*, *Ctr. for Food Safety*, 2011 WL 6259891 at *17.

Plaintiffs provided a declaration from Richard Drury, a local attorney with more than 25

years of experience in environmental litigation, which states: "In my opinion, petitioners would not

have been able to retain qualified counsel for a case of this nature at the EAJA statutory cap of $125,

even when adjusted for inflation."  Drury Decl. ¶ 14 (Dkt. 48-3).  Additionally, Mr. Drury detailed

the rates his firm charges, the rates other firms charge in the Bay area, rates that courts have awarded

attorneys at his firm under environmental statutes, as well as other information.  *See id.* ¶¶ 6–9, 12,

15.  Lead counsel for Plaintiffs also provided a declaration stating that in her opinion, Plaintiffs

could not have retained competent legal counsel to represent them at the EAJA statutory rate.  Geis

Decl. ¶ 43 (Dkt. 48-1).  Furthermore, several of the Plaintiffs provided declarations stating that they

were not aware of qualified attorneys who would have accepted this case at the statutory rate of

$196.79/hour.  *See* Katten Decl. ¶ 4 (Dkt. 48-2); Schafer Decl. ¶ 4 (Dkt. 48-4); Ramirez Decl. ¶ 4

(Dkt. 48-5); Elenes Decl. ¶ 4 (Dkt. 48-6).  This of course makes sense.  There is not a large swath of attorneys in the Bay Area with particular and specialized knowledge of FIFRA and pesticides generally that would agree to represent Plaintiffs for $196.79/hour, and Federal Defendants provide no evidence otherwise.  Plaintiffs have met their burden of demonstrating that no qualified counsel would have taken this case at the statutory rate.

**C.     The Rates Charged for Law Clerk and Cite Checking Work Are Reasonable.**

Federal Defendants also argue that the law clerk who performed work for this case should receive no more than $110/hour rather than the $189/hour that Plaintiffs claim.  Federal Defendants cite *Freeman v. Mukasey*, No. 04-35797, 2008 WL 1960838 (9th Cir. Feb. 26, 2008), in support of their position.  *See* Fed. Defs.' Opp. at 7 (Dkt. 51).  However, again, their cited case actually supports Plaintiffs' claimed rate.  *Freeman* explains that the appropriate fee for students not yet admitted to the practice of law was the "prevailing market rates for non-lawyer paralegals or law clerks."  *Freeman*, 2008 WL 1960838, at *7.  The court awarded $110/hour for the work of summer associates in that case because that was the prevailing rate for such work performed in Portland, Oregon in 2005 and 2006.  *Id.*  There is no evidence that $110 was the prevailing hourly rate for a law clerk working in the Bay Area twelve years later.  Rather, in their motion, Plaintiffs demonstrated that the prevailing rate for law clerk work in the Bay Area in 2017 was at least $189/hour, which tracks inflation over the course of twelve years.  *See* Pls.' Mot. at 10 (Dkt. 48) (citing *Pollinator*, 2017 WL 3096105, at *6); Drury Decl. ¶¶ 7, 9, 15, 16(g) (Dkt. 48-3); *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate.").  Plaintiffs are entitled to $189 per hour for work performed by a law clerk.

Federal Defendants also object to Plaintiffs billing the EAJA statutory rate of $196.78 per hour for attorney work on cite checking tasks.   While some courts have awarded fees at paralegal rates for cite checking, courts in the Northern District of California have awarded fees at attorney rates for such work.  *See e.g., Hayes v. MagnaChip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 6902856, at *8 (N.D. Cal. Nov. 21, 2016) (suggesting that cite checking is more

1    appropriate as associate work rather than partner work and adjusting a partner's rate for work

2    including cite checking to $600 per hour); *Jackson v. City of Pittsburg*, No. C 09-01016 WHA, 2013

3    WL 3187326, at *4 (N.D. Cal. June 21, 2013) (explaining that it is not unreasonable to ask another

4    attorney to cite check a brief and awarding $325 per hour for such work).  Plaintiffs are entitled to at

5    least $189/hour for cite checking work performed by an associate attorney.

6    **II.    Except as Noted, All of the Hours for Which Fees Were Claimed in Plaintiffs' Motion
          Were Reasonably Expended.**

7            A party who is eligible to collect fees under EAJA is entitled to an award for all hours

8    reasonably expended as part of the litigation.  *See Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983).

9    Generally, a court "should defer to the winning lawyer's professional judgment as to how much time

10   he was required to spend on the case; after all, he won, and might not have, had he been more of a

11   slacker."  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  The opposing party

12   "has a burden of rebuttal that requires submission of evidence to the district court challenging the

13   accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its

14   submitted affidavits." *Gates v. Rowland*, 39 F.3d 1439, 1449 (9th Cir. 1994); *see also Geertson Seed*

15   *Farms v. Johanns*, No. C 06-01075 CRB, 2011 WL 5403291, at *4–5 (N.D. Cal. Nov. 8, 2011)

16   (explaining that once a plaintiff has met their burden to provide evidence of the hours expended

17   during litigation, which can be in the form of line-by-line billing records, the defendant has the

18   "burden of [submitting] evidence to the district court challenging the accuracy and reasonableness of

19   the hours charged or the facts asserted by the prevailing party in its submitted affidavits").  If a

20   defendant does not support its objections to a plaintiff's hours with a declaration or other supporting

21   evidence, its objections will fail on that ground alone.  *See Lucas v. White*, 63 F. Supp. 2d 1046,

22   1058 (N.D. Cal. 1999) (citing *Gates*, 39 F.3d at 1449).

23           Federal Defendants seek to exclude hours in six different categories of their own creation.

24   Federal Defendants fail to support any of their objections with a declaration or other supporting

25   evidence, and on that basis alone, the Court should reject their claims.  *Id.*  Nonetheless, each

26   category of Federal Defendants' objections fails on the merits.

27

28

A.      **Counsel's Ninth Circuit Petition Work is Compensable.**

The hours expended related to the filing of Plaintiffs' Ninth Circuit petitions were "reasonably expended in pursuit of the ultimate result achieved." *Hensley*, 461 U.S. at 431. Federal Defendants argue that Plaintiffs cannot be awarded fees for work on their Ninth Circuit petitions because this court did not have jurisdiction over those petitions. Fed. Defs.' Opp. at 8 (Dkt. 51) (citing *Lundin v. Mecham*, 980 F.2d 1450, 1461 (D.C. Cir. 1992) and *Smith v. Brady*, 972 F.2d 1095, 1097 (9th Cir. 1992)). Federal Defendants' arguments are unavailing as the Court may award fees for work done on matters outside of its jurisdiction under circumstances such as those present here.

In *Lundin v. Mecham*, the D.C. Circuit made clear that a district court may award fees incurred for proceedings in other forums when the proceedings are interrelated or when essential procedural or jurisprudential steps are completed in the other forum. 980 F.2d at 1461–62. Similarly, a court in this district found that it was appropriate to award fees incurred in a separate proceeding when counsel's work in that proceeding was necessary to protect the client's rights in the case before the court. *See Lucas*, 63 F. Supp. 2d at 1058. In *Lucas*, defendants argued that plaintiffs should not recover fees in their civil action for time spent in connection with a parallel criminal investigation because it was unnecessary to the civil action. *Id.* The court disagreed, finding that the matters "were sufficiently intertwined [such] that it was entirely reasonable for plaintiffs' counsel in the civil action to get involved in the criminal investigation in order to ensure that their clients' rights in the civil action were adequately protected and not compromised by that investigation." *Id.*

Federal Defendants cite *Smith v. Brady*, but that case is not helpful. In *Smith,* the question was not whether fees incurred in a related proceeding could be awarded, but whether the district court had jurisdiction over the case at all. 972 F.2d at 1097. The Ninth Circuit explained that "if the district court lacked jurisdiction over the underlying suit, it had no authority to award attorney's fees." *Id.* There is no question that this Court has jurisdiction and power to award fees.

The proceedings before the Ninth Circuit and this court were without question interrelated. Filing in both courts was required to determine the appropriate court for filing this specific type of FIFRA action given FIFRA designates two different jurisdictions for filing actions depending on their nature and neither FIFRA nor case law is clear on which applies and when. *See* Pls.' Mot. at 11

8

1  (Dkt. 48).   Had jurisdiction ultimately been in the Ninth Circuit, Plaintiffs would have waived their

2  right to challenge the rule delays if they did not file within 60 days of each the challenged decisions.

3  *Id.*; 7 U.S.C. § 136n(b).   Thus, it was necessary for Plaintiffs to file nearly identical challenges to

4  EPA's unlawful delays in both courts in order to protect their rights while the jurisdictional issue

5  was determined.   Again, Plaintiffs sought EPA's position on jurisdiction before filing in both courts,

6  but Federal Defendants were unable or unwilling to state a conclusive position before Plaintiffs needed

7  to file in the Ninth Circuit to avoid the statute of limitations.   *See* Pls.' Mot. at 11–12 (Dkt. 48).

8  Accordingly, Plaintiffs were required to file suits in both forums and to file substantive motions in

9  the Ninth Circuit arguing why district court was the proper jurisdiction—an argument EPA conceded

10 in its Ninth Circuit response.   Under these circumstances, this Court should award fees and costs for

11 Plaintiffs' counsel's Ninth Circuit work.[4]

12       **B.    Counsel's Administrative Work is Compensable.**

13       Federal Defendants argue time spent on administrative work should be deducted from

14 Plaintiffs' compensable hours.   It appears (based on the entries they are seeking to exclude under this

15 category) that Federal Defendants' definition of administrative work is work that Plaintiffs' counsel

16 did related to filing comments on EPA's multiple rule delays (rather than clerical work).   Contrary to

17 Federal Defendants' arguments, this work is compensable.   When attorneys expend time making

18 administrative comments to an agency that are "directly and intimately related to the successful

19 representation of their clients and fostered the clients' litigation goals" and it is contemporaneous

20 with the litigation, it is compensable under EAJA.   *See Pollinator*, 2017 WL 3096105, at *10-11.

21       Here, the comment letters Plaintiffs' counsel worked on were directly and intimately related

22 to Plaintiffs' success in this litigation.   From March through June, EPA continued to delay the rule

23 through unlawful rulemaking.   Plaintiffs needed to determine if they needed to file additional

24

25 ─────────────────────

26 [4] Even if this Court determines that Plaintiffs should not receive fees for filing in the Ninth Circuit, not all of the time entries that Federal Defendants have attempted to exclude under this category should be excluded.   Some of this work relates directly to the district court litigation.   For example, on May 17, 2017, Ms. Geis spent 2.2 hours researching FIFRA jurisdiction and emailing with other Earthjustice attorneys regarding FIFRA jurisdiction. *See* Geis Decl. Ex. B (Dkt. 48-1).   This research was necessary to determine where to file in the first instance and should be included.

27

28

comments with each new unlawful rulemaking.  Plaintiffs' counsel worked on that as well as worked

on the comments themselves that were needed both to preserve Plaintiffs' rights regarding future

litigation and to exhaust administrative remedies.  This work is eligible for a fee award.

### C.   Counsel's Time Spent Soliciting Clients, Approval to Bring Litigation, and Personnel Management is Compensable.

Federal Defendants argue that "efforts to solicit clients, secure case approval and manage

internal personnel matters are also not compensable."  Fed. Defs.' Opp. at 8 (Dkt. 51).  While some

efforts related to those tasks may be clerical in nature and not compensable, that is not true for many

of the tasks Federal Defendants have identified in this category by their color-coded highlighting in

their Exhibit 1 (Dkt. 51-1).  Rather, many of the highlighted tasks involve Plaintiffs' counsel's

investigation and research of potential claims, including determining whether the claims were

meritorious – something courts want plaintiff's counsel to do before filing a complaint.  Federal

Defendants nonetheless have marked for exclusion multiple entries for work on the litigation

memorandum and case approval form.  This is exactly the pre-complaint work courts want counsel

to do before bringing a case.  Such tasks are fully compensable and in fact required by Rule 11's

requirement to avoid frivolous lawsuits.  *See Lucas*, 63 F. Supp. 2d at 1058 ("time reasonably spent

on pre-complaint investigation, legal research and informal discovery relevant to developing the

theory of the case is properly recoverable"); *see also League of Wilderness Defs./Blue Mountains

Biodiversity Project v. Turner*, 305 F. Supp. 3d 1156, 1171 (D. Or. 2018).

Additionally, work related to formalizing attorney-client relationships is compensable.  For

example, a court awarded hours for drafting a formal engagement letter.  *See League of Wilderness

Defs./Blue Mountains Biodiversity Project v. U.S. Forest Serv.*, No. 3:10-CV-01397-SI, 2014 WL

3546858, at *11 (D. Or. July 15, 2014).  Time spent drafting declarations related to standing is also

compensable.  *Id.*  Lastly, Federal Defendants have identified a few clerical tasks that should be

excluded from Plaintiffs' fee award amounting to a total of 3.9 hours as indicated on the attached

Exhibit B.  However, the bulk of the hours Federal Defendants would like to have excluded on the

basis of this category are compensable as a matter of law and should be awarded accordingly.

**D.      Counsel's Calls or Meetings with Multiple Attorneys are Compensable.**

Federal Defendants argue that when more than one attorney was on a conference call, only one attorney should have billed for it.  The Ninth Circuit has expressly rejected this proposition, explaining that "[p]articipation of more than one attorney does not necessarily amount to unnecessary duplication of effort. Courts must exercise judgment and discretion, considering the circumstances of the individual case, to decide whether there was unnecessary duplication." *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286–87 (9th Cir. 2004).  Indeed, courts have addressed this issue and awarded fees for multiple attorneys attending conference calls or meetings with each other.  *See, e.g., Citizens for Better Forestry*, 2010 WL 3222183, at *10, *13 (finding it reasonable to bill for each attorney's time for conferences and communication among three attorneys).

Plaintiffs have already exercised billing judgment and excluded unreasonably duplicative or excessive hours.  *See* Geis Decl. ¶ 37 (Dkt. 48-1).  In fact, for most of the entries for which Federal Defendants request exclusion in this category, not all of the attorneys on the calls even claimed time. Federal Defendants go so far as suggest exclusion of *all* of the entries pertaining to a particular call, rather than just leaving the entry for one attorney as they have suggested would be appropriate.  For example, on June 2, 2017; June 21, 2017; August 17, 2017; and December 15, 2017, attorney Eve Gartner billed for calls with other attorneys but no other attorney billed for these calls.  This is also true for multiple entries of attorney Yana Garcia, as well as some of the other attorneys/law clerk. Despite the fact that Plaintiffs are not claiming fees for multiple attorneys on these calls (even though that could be appropriate), Federal Defendants have requested that fees for each of these entries be denied in their entirety without any explanation or support.

All in all, Federal Defendants wholly fail to meet their burden to provide evidence to dispute the reasonableness of these hours because they have only argued that it was per se unreasonable.  *See Lucas*, 63 F. Supp. 2d at 1057–58. Failing to present any reason why hours should be eliminated, none of the hours should be deducted for calls or meetings with multiple attorneys.

### E.   Counsel's Time Expended on Procedural Matters is Compensable.

Federal Defendants seek to exclude work related to rearranging deadlines, calling them procedural matters.  Despite Federal Defendants' unsupported assertion to the contrary, courts routinely have awarded time expended related to seeking extensions of deadlines.  *See, e.g.*, *Kimzey v. Comm'r of Soc. Sec.*, No. 1:09-CV-01808 JLT, 2011 WL 5101941, at *5 (E.D. Cal. Oct. 25, 2011) (stating that time spent filing motions for extensions are compensable under EAJA); *Quade ex rel. Quade v. Barnhart*, 570 F. Supp. 2d 1164, 1167 (D. Ariz. 2008) ("[T]his Court finds that the time spent on the extensions was reasonable and should be compensated."); *see also Bodner v. Sullivan*, 804 F. Supp. 23, 35 (N.D. Cal. 1992) (rejecting government's request to strike time expended in preparing a motion for an extension).

Federal Defendants' reliance on *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010) is misplaced.  The question in that case was whether a claimant actually won on the merits, thus making them eligible for a fee award in the first instance.  *Id.*  The Court held a win on a purely procedural issue did not constitute a win on the merits for fee eligibility purposes.  *Id.* at 255.  That is completely distinct from whether a claimant who won on the merits, as is the case here, was also entitled to fees for procedural matters.  *Id.*

### F.   Plaintiffs are Not Claiming Duplicative or Unnecessary Time.

Federal Defendants argue that Plaintiffs have billed for duplicative or unnecessary time, not because the time was actually duplicative or unnecessary, but because they simply disagree with Plaintiffs' staffing decisions.  The court should not follow suit.  *See Moreno*, 534 F.3d at 1112 (noting that a court "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker").  Federal Defendants have not met their burden to show that staffing this case with six attorneys at different times and one law clerk is unreasonable.  In fact, the Northern District of California has awarded attorneys' fees under EAJA in cases with just as many if not more attorneys.  *See, e.g.*, *Ctr. for Food Safety*, 2011 WL 6259891, at *1 (adopting report and recommendation awarding fees for nine attorneys and three law clerks); *see also Geertson Seed Farms*, 2011 WL 5403291, at *5 (rejecting an argument by defendants that plaintiffs overstaffed their case with five

attorneys and two paralegals).  Additionally, it is not unreasonable for multiple attorneys to spend

time on the same task such as drafting a complaint or for an attorney to start a task on one day and

continue it on another day.  *See League of Wilderness Defs.*, 305 F. Supp. 3d at 1172–73.

A review of the hours billed by each attorney here confirms the total time billed by Plaintiffs'

counsel is reasonable.  *See* Geis Decl. and Exs. (Dkt. 48-1).  Ms. Geis served as the lead attorney and

did most of the work on this case, billing 212.3 hours.  Ms. Geis received assistance from two senior

attorneys, who billed 60.9 and 26.0 hours respectively, as well as two junior attorneys, who billed

34.8 and 26.7 hours, an attorney who billed 25.7 hours at the statutory rate for cite checking work,

and a law clerk who billed 43.1 hours.[5]  This staffing structure was reasonable given the different

expertise of each attorney as detailed in Ms. Geis's declaration.  *See* Geis Decl. (Dkt. 48-1).  Further,

the fact that junior attorneys and a law clerk did work that otherwise may have been done by Ms.

Geis at a higher hourly rate further supports the reasonableness of Plaintiffs' staffing.

Federal Defendants seem to believe that Plaintiffs' attorneys spent too much time on certain

tasks and thus request that Plaintiffs not be awarded fees for those tasks at all.  *See* Fed. Defs.' Opp.

Ex. 1 (Dkt. 51-1) (for example, see entry for Stacey Geis on Sept. 28, 2017).  They have not

provided any explanation for requesting removal of this time other than placing it into the category

of duplicative or unnecessary time.  Without any explanation for why they are randomly deducting

certain hours, their request is arbitrary and should be denied.  *See Moreno*, 534 F.3d at 1116 ("If

opposing counsel cannot come up with specific reasons for reducing the fee request that the district

court finds persuasive, it should normally grant the award in full, or with no more than a haircut [no

more than a ten percent reduction].").

Federal Defendants also request that the court exclude Ms. Geis's travel time to and from

court to attend the Case Management Conference on September 15, 2017.  Federal Defendants

provide no explanation or supporting evidence for this exclusion and their request should be denied

---

[5] Additionally, Federal Defendants overstate Plaintiffs' staffing of this case.  While it is true that six
attorneys and one law clerk were involved over the lifetime of the case, as mentioned above, one of
those attorneys billed at a paralegal rate, and only four of the remaining attorneys were working on
the case at any given time (attorney Garcia worked only on the case from May 9-June 21, 2017, and
attorney Andiman only worked on the case from September 20-November 8, 2017, and thus, they
were not working on the case at the same time).

on this reason alone.  *See Lucas*, 63 F. Supp. 2d at 1057–58.  Ms. Geis's time entry demonstrates that she spent 2.3 hours traveling to and from court, attending the Case Management Conference, preparing for the Case Management Conference, and emailing co-counsel about case updates.  This time is all compensable.

Lastly, while Plaintiffs continue to believe that the hours that law clerk Amanda Goodhart spent working on standing declarations and researching standing are reasonable, solely as an accommodation, Plaintiffs will reduce the 33.6 hours highlighted by Federal Defendants by 50 percent.  *See* Ex. C.  As to all other hours, Federal Defendants have not met their burden to show that any of Plaintiffs' hours were duplicative or unnecessary and thus, no hours should be deducted based on this category other than those identified above.

**III.    No Reduction is Warranted for Plaintiffs' Fees to Prepare Their Fee Motion.**

Finally, almost as an afterthought, Federal Defendants argue that "to the extent that Plaintiffs failed to show their entitlement to fees on the merits phase of the case," Plaintiffs' fee award should be reduced proportionally.  Fed. Defs.' Opp. at 11 (Dkt. 51).  As discussed herein, Plaintiffs are entitled to the majority of the fees they claimed in their motion (and all fees they are claiming in this reply) and thus are entitled to fees for all of their time expended in litigating fees.  It is important to note, however, that a review of Ms. Geis's hours for work on fees reveals that they are particularly low.  This is because Ms. Geis had a law clerk assist with the briefing on fees, and Plaintiffs are not seeking any fees for that law clerk's time.

**CONCLUSION**

For the reasons explained in Plaintiffs' opening brief, attached declarations, and herein, Plaintiffs are entitled to a fee award in the amount of $234,781.23 and costs of $1,582.24, for a total of $236,363.47, as detailed in the attached Exhibits A-F.

Respectfully submitted,

DATED:  August 22, 2018

  /s/ Stacey P. Geis
STACEY P. GEIS                    VIRGINIA RUIZ
EVE GARTNER                       Farmworker Justice
Earthjustice

*Counsel for Plaintiffs*

14
