UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>E. SCOTT PRUITT, et al.,<br><br>Defendants. | Case No. 17-cv-03434-JSW<br><br>**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION**<br><br>Re: Dkt. No. 48, 59 |

This matter comes before the Court upon consideration of the Order issued by Magistrate Judge Laurel Beeler, in which she recommends that the Court award attorneys' fees in the amount of $205,144.93 and costs of $582.24 for a total of $205,144.93. The time for filing objections to Judge Beeler's report has passed. The Court finds the report thorough and well-reasoned and, with one modification, adopts it in every respect.

The Court finds the plaintiffs should *also* be awarded attorneys' fees and costs incurred in preparing and filing their two petitions with the Ninth Circuit.

The plaintiffs' position is that, at the time they filed their two Ninth Circuit petitions, the law in the Ninth Circuit was unclear as to whether 7 U.S.C. § 136n(a) or (b) applied to the underlying dispute: the former directs parties to appeal an Environmental Protection Agency ("EPA") decision in district court, the latter directs parties to courts of appeals. Given the facts of the underlying dispute and the prevailing law, plaintiffs were uncertain whether the Ninth Circuit or this Court had jurisdiction over their claim.

In their oral argument before Judge Beeler, plaintiffs pointed to *United Farm Workers of Am., AFL-CIO v. Adm'r, EPA*, 592 F.3d 1080 (9th Cir. 2010), of which plaintiffs were aware at

the time they filed both Ninth Circuit petitions.  In this case, plaintiff United Farm Workers, citing § 136n(a), filed an appeal of an EPA decision in a district court.  *Id.* at 1081-82.  The district court dismissed for lack of jurisdiction, and United Farm Workers appealed.  The Ninth Circuit affirmed the district court's decision, but concluded that § 136n(b) precluded United Farm Workers from seeking redress at the Ninth Circuit: "Unfortunately for the appellants it is now too late to seek [relief] here.  Petitions for review must be filed 60 days after the decision.  The time is past." *Id.* at 1083 (internal citations omitted).

Given the result in *United Farm Workers*, plaintiffs were understandably wary about choosing the district court at the expense of the Ninth Circuit, particularly given the looming sixty-day deadline.  Plaintiffs' own legal analysis suggested the district court might have jurisdiction, but the law in the Ninth Circuit was unsettled.  Plaintiffs consulted with the federal defendants regarding jurisdiction, but they, too, were unsure.  (It was only before the Ninth Circuit that the federal defendants conceded the district court's jurisdiction.)

Again, as *United Farm Workers* illustrated, the consequences of an incorrect choice were potentially fatal.  If plaintiffs' counsel chose the district court, but were wrong, their clients could lose opportunity for relief.  Accordingly, to protect the interests of their clients, plaintiffs requested relief in both fora.

Case law in this Court suggests that the party's perspective at the time attorneys' costs were incurred is a key consideration.  In *Lucas v. White*, this court examined whether a prevailing party was entitled to attorneys' fees for counsel's involvement in a parallel criminal proceeding. *Lucas v. White*, 63 F. Supp. 2d 1046, 1058 (N.D. Cal. 1999).  The defendants argued that plaintiffs should not recover for the time they spent on the criminal investigation "because it was unnecessary" to the civil action.  *Id.*  The court disagreed and awarded attorneys' fees for tasks in the related criminal investigation because the criminal case was "sufficiently intertwined" with the civil case over which the court presided.  *Id.*  The court opined: "[a]lthough *no criminal charges were ever brought*" "it was entirely reasonably for plaintiffs' counsel in the civil action to get involved in the criminal investigation *in order to ensure that their clients' rights in the civil action were adequately protected and not compromised . . .*" *Id.* (emphasis added).  It was insignificant

1 that the legal fees incurred in the criminal matter were ultimately unnecessary; what mattered was
2 that counsel took preventative steps in anticipation of a turn of events with the potential to affect
3 clients' rights.

4 Here, too, it is only with the benefit of hindsight that plaintiffs and the federal defendants
5 know that a portion of the incurred attorneys' fees were unnecessary. At the time plaintiffs filed
6 the Ninth Circuit petitions, however, plaintiffs' counsel reasonably believed the petitions were
7 "essential" to preserve their clients' rights. *See Ludin v. Meachum*, 980 F.2d 1450, 1463 (D.C.
8 Cir. 1993). The filing of the Ninth Circuit petitions were an entirely reasonable step undertaken to
9 avoid preclusion of remedy.

10 Accordingly, the Court awards the plaintiffs attorneys' fees in the amount of $234,781.23
11 and costs in the amount of $1582.24, for a total of $236,363.47.

12 **IT IS SO ORDERED**.

13 Dated: November 5, 2018

JEFFREY S. WHITE
United States District Judge

3